USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-29-07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

VANESSA HILL, et al.,   :

             Plaintiffs,   :   06 Civ. 10197 (LTS)(HBP)

  -against-   :

                      ORDER

GRISTEDE'S OPERATING CORP.,   :
et al.,
                       :

            Defendants.   :

-----------------------------------X

PITMAN, United States Magistrate Judge:

       A conference was held in this matter on May 23, 2007 during which some apparently simple disputes concerning document production were discussed. One of these disputes has turned out to be substantially more complicated than it originally appeared.

       This is an employment discrimination action brought as a class action. Plaintiffs allege that defendants, entities which operate several retain grocery store chains in the metropolitan area, systemically discriminate against females. Among other things, plaintiffs allege that defendants limit female job applicants to the positions of cashier and bookkeeper. According to plaintiffs, cashiers and bookkeepers work fewer hours and are paid less than other positions offered to male applicants and, therefore, the positions available to female applicants are less desirable. Plaintiffs allege that defendants also discriminate against females in the promotion of employees to managerial

positions, selecting male employees for these positions in substantially larger numbers than female employees. The plaintiffs seek to represent "all past, present, and future female employees of Gristedes in the United States" (Compl. ¶ 48). Plaintiffs have not yet moved for class certification.

The present dispute arises out of plaintiffs' document request number 6 which seeks "[a]n electronic database in a format to be determined through discussions between the parties' counsel containing relevant employment history . . . for each Gristedes employee from July 8, 2002 to the present." Plaintiffs claim that the discovery is appropriate class discovery and is necessary to prove commonality and typicality. Defendants object, claiming that this discovery request seeks information concerning the merits of plaintiffs' claim and is premature prior to resolution of the class certification motion.

In support of their position, plaintiffs rely in substantial part on the Second Circuit's decision in Caridad v. Metro-North Commuter R.R., 191 F.3d 283, 292 (2d Cir. 1999) which held that a "challenge [to] the subjective components of company-wide employment practices does not bar a finding of commonality under either the disparate treatment or disparate impact model." See also Hnot v. Willis Group Holdings Ltd., 241 F.R.D. 204, 207 (S.D.N.Y. 2007). In other words, the fact that the employment decisions with respect to the members of a plaintiff class are

2

made by different individuals is not inevitably fatal to class certification. The Court in Caridad concluded that "significant statistical disparities are relevant to determining whether the challenged employment practice has a class-wide impact." 191 F.3d at 292.

Caridad was "disavow[ed]" in part in In re Initial Pub. Offering Sec. Litig., 471 F.3d 24, 42 (2d Cir. 2006). Specifically, the Court rejected the suggestion in Caridad that a class could be certified so long as the proponent of certification made "some showing" that the requirements of Rule 23 had been met. In re Initial Pub. Offering Sec. Litig., supra, 471 F.3d at 30. In In re Initial Pub. Offering Sec. Litig., the Court of Appeals expressly rejected the "some showing" standard and held that

> (1) that a district judge may not certify a class
> without making a ruling that each Rule 23 requirement
> is met and that a lesser standard such as "some show-
> ing" for satisfying each requirement will not suffice,
> (2) that all of the evidence must be assessed as with
> any other threshold issue [and] (3) that the fact that
> a Rule 23 requirement might overlap with an issue on
> the merits does not avoid the court's obligation to
> make a ruling as to whether the requirement is met,
> although such a circumstance might appropriately limit
> the scope of the court's inquiry at the class certifi-
> cation stage . . . .

In re Initial Pub. Offering Sec. Litig., supra, 471 F.3d at 27. However, although In re Initial Pub. Offering Sec. Litig., raised the evidentiary hurdle that the proponent of certification must clear, it did not reject or even comment on that portion of the decision in Caridad which held that the commonality and typical-

3

ity requirements in a class challenge to subjective employment practices can be established through statistical evidence. <u>Hnot v. Willis Group Holdings Ltd.</u>, <u>supra</u>, 241 F.R.D. at 207.

Reading the foregoing authorities together, therefore, leads to the conclusion that in order to prevail on their motion for certification, plaintiffs must establish that the requirements of typicality and commonality are met (and not merely that some evidence of each is offered) and that in an employment discrimination case such as this, statistical evidence is relevant to the typicality/commonality determination. Thus, the documents sought by plaintiffs are relevant. The relevant documents are not limited to employment records for clerks and cashiers because plaintiffs allege company-wide wage discrimination against females.

Defendants cite three cases in opposition to plaintiffs' motion -- <u>Masters v. Wilhelmina Model Agency, Inc.</u>, 473 F.3d 423 (2d Cir. 2006), <u>Rohrer v. FSI Futures Inc.</u>, 94 Civ. 6345 (CSH), 1997 WL 792955 (S.D.N.Y. Dec. 23, 1997) and <u>In re NASDAQ Market-Makers</u>, 169 F.R.D. 493 (S.D.N.Y. 1996). None of these cases were employment discrimination cases and none involved the issue here, namely the viability of class certification where individual events, allegedly connected motivated by a common discriminatory animus, gave rise to the claim of each class member. Thus, these cases are inapposite.

4

Accordingly, no later than June 19, 2007, defendants are to produce the following information in electronic format, if reasonably feasible, for all individuals employed during the class period: (1) name; (2) employer i.d. number or social security number; (3) whether a current or former employee; (4) start and end dated of employment; (5) sex, and (6) payroll information stored on the ABRA system. I am not ordering production of the employees' home addresses and telephone numbers because that information has no relevance to the statistical analyses contemplated by <u>Caridad</u>.

In addition to the foregoing, I resolve the other discovery and scheduling disputes raised at the May 23 conference as follows:

    1.    Defendants are to produce a properly prepared witness or witnesses in response to both 30(b)(6) notices served by plaintiffs no later than June 18, 2007.

    2.    With respect to three stores to be designated by plaintiffs, defendants shall produce all personnel files for current and former employees of those stores for the class period. These personnel records shall be produced two weeks after plaintiffs' designation of the stores.

3. The settlement conference currently scheduled in this matter for June 4, 2007 is cancelled .

4. Plaintiffs shall make all their Rule 26(a)(2) disclosures concerning class certification issues no later than September 18, 2007.

5. Defendants shall make all their Rule 26(a)(2) disclosures concerning class certification issues no later than October 18, 2007.

7. Plaintiffs' motion for class certification shall be served no later than November 19, 2007.

8. If counsel wish to depose any experts proffered with respect to class certification issues, they are directed to do so between October 18 and November 19, 2007.

9. I shall set a schedule for the remaining matters in this case after it is determined whether the action will be certified as a class.  Counsel are

directed to advise my chambers promptly of Judge

Swain's decision on the motion for class certification.

Dated: New York, New York
May 29, 2007

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Piper Hoffman, Esq.
Outten & Golden LLP
29th Floor
3 Park Avenue
New York, New York  10016

Kevin J. Nash, Esq.
Sarit Shmulevitz, Esq.
Finkel Goldstein Rosenbloom
    & Nash, LLP
Suite 711
26 Broadway
New York, New York  10004