```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
VANESSA HILL, et al.,               :

                  Plaintiffs,       :   06 Civ. 10197 (LTS)(HBP)

    -against-                       :   MEMORANDUM OPINION
                                        AND ORDER
GRISTEDE'S OPERATING CORP.,         :
et al.,
                                    :
                  Defendants.
                                    :
-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6-18-07

PITMAN, United States Magistrate Judge:

I.  Introduction

By notice of motion dated March 26, 2007, (Docket Item 21), plaintiffs move to file an amended complaint. The proposed amended complaint would substitute Susan Duling for Vanessa Hill as a named plaintiff, amend the claims of Margaret Anderson and make certain other technical amendments.

For the reasons set forth below, plaintiffs' motion is granted in all respects.

II.  Facts

This is an employment discrimination action brought as a class action. Plaintiffs allege that defendants, entities which operate several retail grocery store chains in the metropolitan area, systemically discriminate against females. Among

other things, plaintiffs allege that defendants limit female job applicants to the positions of cashier and bookkeeper. According to plaintiffs, cashiers and bookkeepers work fewer hours and are paid less than other positions offered to male applicants and, therefore, the positions available to female applicants are less desirable. Plaintiffs allege that defendants also discriminate against females in the promotion of employees to managerial positions, selecting male employees for these positions in substantially larger numbers than female employees. The plaintiffs seek to represent "all past, present, and future female employees of Gristedes in the United States" (Compl. ¶ 48). Plaintiffs have not yet moved for class certification.

III. Analysis

The standards applicable to a motion to amend a pleading are well settled and require only brief review. Leave to amend a pleading should be freely granted when justice so requires. Fed.R.Civ.P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962); McCarthy v. Dunn & Bradstreet Corp., 482 F.3d 184, ___ [1] (2d Cir. 2007); Aetna Cas. & Sur. Co. v. Aniero Concrete Co., 404 F.3d 566, 603-04 (2d Cir. 2005); Dluhos v. Floating & Abandoned Vessel, Known as "New York", 162 F.3d 63, 69 (2d Cir. 1998);

---

[1] As of the date of this Order, the publishers of the Federal Reporter, 3d Series, have not assigned page numbers to the body of the opinion in McCarthy.

2

Gumer v. Shearson, Hamill & Co., 516 F.2d 283, 287 (2d Cir. 1974); Aniero Concrete Co. v. New York City Constr. Auth., 94 Civ. 9111 (CSH), 1998 WL 148324 at *7 (S.D.N.Y. Mar. 30, 1998), aff'd sub nom., Aetna Cas. & Sur. Co. v. Aniero Concrete Co., 404 F.3d 566 (2d Cir. 2005). "Nonetheless, the Court may deny leave if the amendment (1) has been delayed unduly, (2) is sought for dilatory purposes or is made in bad faith, (3) the opposing party would be prejudiced, or (4) would be futile." Lee v. Regal Cruises, Ltd., 916 F. Supp. 300, 303 (S.D.N.Y. 1996), aff'd, 116 F.3d 465 (2d Cir. 1997); see McCarthy v. Dunn & Bradstreet Corp., supra, 482 F.3d at ___; Ellis v. Chao, 336 F.3d 114, 126-27 (2d Cir. 2003); Montefiore Med. Ctr. v. Am. Prot. Ins. Co., 00 Civ. 3235 (LTS), 2003 WL 21108261 at *1 (S.D.N.Y. May 14, 2003); Am. Home Assurance Co. v. Jacky Maeder (Hong Kong) Ltd., 969 F. Supp. 184, 187-88 (S.D.N.Y. 1997).

A proposed amended complaint is futile when it fails to state a claim. See Health-Chem Corp. v. Baker, 915 F.2d 805, 810 (2d Cir. 1990) ("Although Fed.R.Civ.P. 15(a) provides that leave to amend should be given freely when justice so requires, where, as here, there is no merit in the proposed amendments, leave to amend should be denied."); Mina Inv. Holdings Ltd. v. Lefkowitz, 184 F.R.D. 245, 257 (S.D.N.Y. 1999); Parker v. Sony Pictures Entm't, Inc., 19 F. Supp.2d 141, 156 (S.D.N.Y. 1998), aff'd in pertinent part, vacated in part on other grounds sub nom., Parker

3

v. Columbia Pictures Indus., 204 F.3d 326 (2d Cir. 2000); Yaba v. Cadwalader, Wickersham & Taft, 931 F. Supp. 271, 274 (S.D.N.Y 1996); Prudential Ins. Co. of Am. v. BMC Indus., Inc., 655 F. Supp. 710, 711 (S.D.N.Y. 1987) ("[A]lthough leave to amend should be freely given, it is inappropriate to grant leave when the amendment would not survive a motion to dismiss.") (internal quotation marks and citation omitted). "The Proposed Amended Complaint may therefore be scrutinized as if defendant's objections to the amendments constituted a motion to dismiss under Fed.R.Civ.P 12(b)(6)." Journal Publ'g Co. v. Am. Home Assurance Co., 771 F. Supp. 632, 635 (S.D.N.Y. 1991).

The Court of Appeals has repeatedly noted that the trial court has "broad" discretion in ruling on a motion to amend. Local 802, Associated Musicians v. Parker Meridien Hotel, 145 F.3d 85, 89 (2d Cir. 1998); Krumme v. WestPoint Stevens Inc., 143 F.3d 71, 88 (2d Cir. 1998). "However, '[o]utright refusal to grant the leave without any justifying reason for the denial is an abuse of discretion.'" McCarthy v. Dunn & Bradstreet Corp., supra, 482 F.3d at ___, quoting Jin v. Metro. Life Ins. Co., 310 F.3d 84, 101 (2d Cir. 2002).

The only aspect of the proposed amended complaint to which defendants object is the proposed substitution of Susan Duling for Vanessa Hill as one of the named plaintiffs. Defendants argue that the "single filing rule," see generally Snell v.

4

Suffolk Co., 782 F.2d 1094, 1100-01 (2d Cir. 1986), should not be applied here and that since Duling has not exhausted her administrative remedies, she is not an appropriate class representative.

By letter dated June 11, 2007, plaintiffs' counsel advised the court that Duling has now exhausted her administrative remedies and has been issued a right-to-sue letter by the Equal Employment Opportunity Commission. Thus, even if I assume that defendants' argument concerning the "single filing rule" had force when it was first asserted, it has been rendered inapplicable by this development and there is no longer any viable objection to the proposed amended complaint.

IV. Conclusion

Accordingly, plaintiffs' motion to file an amended complaint is granted in all respects. Plaintiffs are directed to serve and file their amended complaint within ten (10) days of the date of this Order.

Dated:  New York, New York
        June 17, 2007

                                        SO ORDERED

                                        _____
                                        HENRY PITMAN
                                        United States Magistrate Judge

Copies transmitted to:

Piper Hoffman, Esq.
Outten & Golden LLP
29th Floor
3 Park Avenue
New York, New York   10016

Kevin J. Nash, Esq.
Sarit Shmulevitz, Esq.
Finkel Goldstein Rosenbloom
    & Nash, LLP
Suite 711
26 Broadway
New York, New York   10004