Kevin J. Nash
Joseph Ted Donovan
FINKEL GOLDSTEIN ROSENBLOOM & NASH LLP
26 Broadway, Suite 711
New York, New York 10004
(212) 344-2929

Amber L. Kagan
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178
(212) 309-6000

Michael J. Puma
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
(215) 963-5000

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SUSAN DULING and MARGARET ANDERSON, on behalf of themselves and all others similarly situated, <br><br> **Plaintiffs,** <br><br> -against- <br><br> GRISTEDE'S OPERATING CORP.; RED APPLE GROUP, INC., D/B/A/ GRISTEDE'S; GRISTEDE'S FOOD INC.; GRISTEDE'S DELIVERY SERVICE, INC.; GRISTEDE'S FOODS NY, INC.; GRISTEDE'S NY, LLC; and NAMDOR, INC.; <br><br> **Defendants.** | 06 CV 10197 (LTS)(HBP) |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
<u>MOTION TO AMEND THE COMPLAINT</u>**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION .................................................................................................................. 1

II. STANDARD OF REVIEW ................................................................................................... 2

III. ARGUMENT .......................................................................................................................... 4

    A. Gristede's Will Be Unduly Prejudiced If Plaintiffs Are Allowed To Amend Their Complaint At This Late Date ............................................................ 4

        1. Plaintiffs' Amendment Would Require Gristede's To Expend Significant Additional Resources ................................................................. 5

        2. Plaintiffs' Amendment Would Cause Additional Delay In The Resolution Of This Matter .......................................................................... 7

        3. Gristede's Was Not On Fair Notice Of, And Is Unfairly Surprised By, The Addition Of Ms. Sewer's Claims .................................................. 8

        4. Ms. Sewer Would Not Be Prevented From Bringing Any Timely Claims In A Separate Action ...................................................................... 9

    B. Plaintiffs Have Not Offered Any Reasonable Explanation For Or Justification Of The Undue Delay In Seeking The Proposed Amendment ........... 9

    C. Plaintiffs' Proposed Amendments Would Be Futile, And Leave To Amend Should Therefore Be Denied .................................................................. 12

        1. Plaintiffs' Attempt To Add A Named Plaintiff, If Allowed, Would Be Futile Because The New Plaintiff Could Not Meet The Requirements Of Class Certification ....................................................... 12

        2. Plaintiffs' Attempt To Add Additional Paragraphs Of Injunctive Relief Would Be Futile ........................................................................... 14

IV. CONCLUSION .................................................................................................................... 15

## TABLE OF AUTHORITIES

Page

**CASES**

Advocat v. Nexus Industries, Inc.,
    497 F.Supp. 328 (D. Del. 1980) .................................................................................. 3

In re Am. Int'l Group, Inc. Sec. Litig.,
    No. 04-8141, 2008 WL 2795141 (S.D.N.Y. July 18, 2008) ................................ 2, 3, 5, 6, 9

Amchem Prods., Inc. v. Windsor,
    521 U.S. 591 (1997) .................................................................................................. 12

Block v. First Blood Assocs.,
    988 F.2d 344 (2d. Cir. 1993) ....................................................................................... 3

Chardon v. Fumero Soto,
    462 U.S. 650 (1983) ..................................................................................................... 8

Cresswell v. Sullivan & Cromwell,
    922 F.2d 60 (2d Cir. 1990) ..................................................................................... 3, 11

Davis v. Lenox Hill Hosp.,
    No. 03-3746, 2004 WL 1926086 (S.D.N.Y. Aug. 31, 2004) ............................. 2, 7, 10, 11

Donaldson v. Exelon Corp.,
    No. 05-1542, 2006 WL 2668573 (E.D. Pa. 2006) ....................................................... 14

Evans v. Syracuse City Sch. Dist.,
    704 F.2d 44 (2d Cir. 1983) ................................................................................ 3, 6, 10, 11

Foman v. Davis,
    371 U.S. 178 (1962) ..................................................................................................... 2

Harris v. Initial Sec., Inc.,
    No. 05-3873, 2007 WL 703868 (S.D.N.Y. Mar. 7, 2007) ........................................... 13

Health-Chem Corp. v. Baker,
    915 F.2d 805 (2d Cir. 1990) ......................................................................................... 4

Kaufman v. Am. Family Mut. Ins. Co.,
    No. 05-02311, 2008 WL 1806195 (D. Colo. Apr. 21, 2008) ...................................... 13

Luedke v. Delta Air Lines, Inc.,
    No. 92-1778, 1993 WL 313577 (S.D.N.Y. Aug. 10, 1993) .................................... 4, 13

# TABLE OF AUTHORITIES
### (continued)

Page

Marine Midland Bank v. Keplinger & Assocs., Inc.,
    94 F.R.D. 101 (S.D.N.Y. 1982) ...........................................................................................4

Middle Atl. Utils. Co. v. S.M.W. Dev. Corp.,
    392 F.2d 380 (2d Cir. 1968) ................................................................................................4

Pierre v. JC Penney Co.,
    No. 03-4782, 2006 WL 407553 (E.D.N.Y. Feb. 21, 2006) ......................................................13

Presser v. Key Food Stores Co-operative, Inc.,
    No. 01-8059, 2006 WL 2086346 (E.D.N.Y. July 25, 2006).....................................................13

Quaratino v. Tiffany & Co.,
    71 F.3d 58, (2d. Cir. 1995)...................................................................................................2

Robinson v. Metro-N. Commuter R.R. Co.,
    267 F.3d 147 (2d Cir. 2001).................................................................................................15

Torres v. Gristede's Operating Corp.,
    No. 04-3316 (S.D.N.Y.).......................................................................................................10

Zenith Radio Corp. v. Hazeltine Research, Inc.,
    401 U.S. 321 (1971)..............................................................................................................4

### STATUTES

Fed. R. Civ. P. 15(a) .......................................................................................................................2

Fed. R. Civ. P. 23(b)(2)............................................................................................................14, 15

Defendants Gristede's Operating Corp., Red Apple Group, Inc., Gristede's Foods, Inc., Gristede's Delivery Service, Inc., Gristede's Foods NY, Inc., Gristede's NY LLC, and Namdor, Inc. (collectively, "Defendants" or "Gristede's") submit this Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to Amend The Complaint.

I.   **INTRODUCTION**

Plaintiffs instituted this action in October 2006, and amended the Complaint to add a new class representative in June 2007. Thereafter, the Parties engaged in extensive class certification discovery, including the exchange of voluminous documents and data, the depositions of 14 individuals, the exchange of expert reports, and the depositions of three expert witnesses. After no less than six extensions of the discovery and briefing deadlines, discovery concluded on January 30, 2009, Plaintiffs filed their Motion for Class Certification on January 31, 2009, and Gristede's filed its Opposition to Plaintiffs' Motion for Class Certification on March 9, 2009.

On March 17, 2008, two and one half years after this litigation began and only days after Gristede's filed its Opposition to Plaintiffs' Motion for Class Certification, Plaintiffs filed the instant motion to amend their Complaint. In their Proposed Second Amended Complaint, which is being filed expressly for the purpose of attempting to "solidify Plaintiffs' position on class certification" after Gristede's noted the many problems presented with certifying a class in this case, Plaintiffs attempt to: (1) add another class representative; (2) add a new defendant; (3) add entirely new and unrelated claims; and (4) modify the injunctive relief requested.

As is explained more fully below, Plaintiffs' Motion should be denied for numerous reasons. First, the amendment of Plaintiffs' Complaint at this late date, for which they have not provided any satisfactory justification, would result in the need to re-open discovery and would cause additional protracted litigation. These considerations, coupled with the fact that Plaintiffs

-1-

have added entirely new and unrelated claims of which Gristede's had not previously been put on notice, would cause significant prejudice to Gristede's.

Moreover, the proposed amendment would not "solidify Plaintiffs' position on class certification," the very reason offered for the amendment. See Plaintiffs' Memorandum of Law in Support of Motion for Class Certification ("Pls' Mem."), at 3. Rather, while Plaintiffs seek to add Ms. Sewer to bolster their argument that the claims of the named Plaintiffs are typical of the putative class claims, Ms. Sewer's claims – which focus predominantly on pregnancy discrimination and violations of the FMLA – are in fact are unique and individualized to her. Accordingly, she does nothing to address the typicality issues raised in Defendants' Opposition to Plaintiffs' Motion for Class Certification ("Defs' Opp") and is not an appropriate class representative. Therefore, adding her as a class representative would be futile.

Similarly, the addition of other injunctive remedies does not fix the Rule 23(b)(2) problems addressed in Defendants' Opposition to Plaintiffs' Motion for Class Certification. Accordingly, the amendment of the Complaint to seek additional injunctive remedies to the relief sought will be futile. For all of those reasons, which are explained in detail below, Plaintiffs' Motion to Amend the Complaint should be denied.

## II.    STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 15(a), a party is permitted to amend its complaint only "when justice so requires." The many reasons for properly denying leave to amend include undue delay, prejudice to the opposing party, bad faith or dilatory motive on the part of the movant, or futility of the amendment. See In re Am. Int'l Group, Inc. Sec. Litig., No. 04-8141, 2008 WL 2795141, *3 (S.D.N.Y. July 18, 2008) (citing Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2d. Cir. 1995)); Davis v. Lenox Hill Hosp., No. 03-3746, 2004 WL 1926086, *3 (S.D.N.Y. Aug. 31, 2004) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Leave to amend is not proper where, as here, the proposed amendment would require the opposing party to expend significant additional resources, significantly delay the resolution of the dispute, or otherwise result in prejudice.  See In re Am. Int'l Group, 2008 WL 2795141, *3 (S.D.N.Y. July 18, 2008) (quoting Block v. First Blood Assocs., 988 F.2d 344, 350 (2d. Cir. 1993)).  See also Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990) (denying leave to amend because the amendment would result in prejudice to opposing party).  Prejudice has been found where the proposed amendment was filed long after the lawsuit was commenced, after other amendments to the Complaint were made and after dispositive motions, the subject of which the amendment was intended to address, were briefed.  See id. (leave to amend denied where motion was filed "more than 17 months after bringing suit, more than six months after filing their second amended complaint, and more than one month after responding to the motion for summary judgment").  This is particularly the case where the moving party fails to provide a valid reason for the delay in seeking the amendment.  Indeed, in addressing this issue the Second Circuit explained in Evans v. Syracuse City Sch. Dist., 704 F.2d 44, 46 (2d Cir. 1983):

> The burden of the parties, in requesting or resisting the amendment of pleadings, was noted in Advocat v. Nexus Industries, Inc., 497 F.Supp. 328, 331 (D. Del. 1980), in which the Court observed that:
>
>> As a practical matter, however, any delay . . . for a significant period of time will almost invariably result in some "prejudice" to the nonmoving party. . . .  [T]he proper standard is one that balances the length of the delay against the resulting prejudice. . . . ***[T]he longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice.***

Evans, 704 F.2d at 46-47 (ellipsis and brackets in original) (emphasis added).  See also Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990) ("The court plainly has discretion [] to

deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant.").

Finally, even in the absence of prejudice or undue delay, leave to amend should nonetheless be denied where the proposed amendment would be futile.  See Health-Chem Corp. v. Baker, 915 F.2d 805, 809-810 (2d Cir. 1990).  This Court has routinely denied motions to amend where a plaintiff could not recover on the claim even with the amendment, thus rendering the amendment to its complaint futile.  See, e.g., Luedke v. Delta Air Lines, Inc., No. 92-1778, 1993 WL 313577, *8 (S.D.N.Y. Aug. 10, 1993) ("[B]ecause common questions do not predominate over individualized inquiries, Plaintiffs' motion for leave to amend the class action complaint is denied as futile.").

Applying these standards to the present case, the Court should deny Plaintiffs' Motion for leave to amend.

### III.   ARGUMENT

#### A.   Gristede's Will Be Unduly Prejudiced If Plaintiffs Are Allowed To Amend Their Complaint At This Late Date.

"Perhaps, the most important factor to be taken into consideration by the court [in assessing a motion to amend] is whether the opposing party will be unduly prejudiced if the proposed amendment is permitted."  See Marine Midland Bank v. Keplinger & Assocs., Inc., 94 F.R.D. 101, 103 (S.D.N.Y. 1982) (citing Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-31 (1971) and Middle Atl. Utils. Co. v. S.M.W. Dev. Corp., 392 F.2d 380, 384 (2d Cir. 1968)).  In determining whether prejudice exists, courts should consider whether the amendment would: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction."  Am. Int'l Group,

2008 WL 2795141, at *3 (quoting Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993)).  "Additionally, a proposed amendment causes undue prejudice if, at an advanced stage of litigation, the amendment concerns 'an entirely new set of operative facts of which it cannot be said that the original complaint provided fair notice.'"  Am. Int'l Group, 2008 WL 2795141, at *3 (quoting Ansam Assocs., Inc. v. Cola Petroleum, Ltd., 760 F.2d 442, 446 (2d Cir. 1985)).

> 1. *Plaintiffs' Amendment Would Require Gristede's To Expend Significant Additional Resources.*

This Court recently recognized the undue prejudice a class action defendant would face if plaintiffs were permitted to amend their class action complaint at an advanced stage of litigation, as Plaintiffs are attempting to do here.  Am. Int'l Group, 2008 WL 2795141, at *3.  In Am. Int'l Group, class action plaintiffs sought "to add new and unrelated claims as well as new defendants" after the parties had engaged in extensive class discovery and briefed the issue of class certification.  See id. at *2.  The addition of new defendants and new claims, this Court found, "concern[ed] an entirely new set of documents and custodians as well as an entirely new theory of relief."  Id.  Moreover, the defendants would have been required "to redo much of the work they ha[d] already done preparing to oppose the Motion for Class Certification," a feat the Court found "could cause enormous delay."  Id. at *2 n.3.[1]  The Court concluded that the potential prejudice to defendants triggered by plaintiffs' proposed amendment warranted denial of plaintiffs' motion.  Id. at *3.

Here, as in Am. Int'l Group, Gristede's would be unduly prejudiced if Plaintiffs' motion were granted because it would be required to expend significant additional resources to defend

---

[1]   Likewise, the Court noted that "the addition of new defendants in the proposed amendment may lead to challenges based on service or jurisdiction" and "there may be new motions to dismiss" brought by defendants, further supporting denial of the proposed amendment.  Am. Int'l Group, 2008 WL 2795141, at *4.  Similar concerns exist here.

against the newly asserted claims, much of which were not previously raised in this case, reopen and conduct additional class discovery, and brief the issue of class certification *again*. See Evans, 704 F.2d at 48; Am. Int'l Group, 2008 WL 2795141, at *3 (denying motion to amend class action complaint after substantial class discovery was conducted because "the additional burdens placed on defendants would result in undue prejudice"). Indeed, it is unavoidable that "the proposed amendment would impose new discovery burdens in this litigation" (Am. Int'l Group, 2008 WL 2795141, at *2), including the need to:

- conduct written discovery related to the new claims brought by Ms. Sewer;

- conduct written discovery related to Plaintiffs' proposed claims against the new defendant Mr. Catsimatidis (the CEO of Gristede's Foods);

- depose Ms. Sewer in connection with her individual claims and class claims, as well as her role as a class representative;

- re-depose Plaintiffs Duling and Anderson in connection with the new injunctive relief sought pursuant to Rule 23(b)(2);

- submit dispositive motions as to one or all of Ms. Sewer's proposed claims;

- re-brief arguments in opposition to Plaintiffs' Motion for Class Certification.

Thus, while Plaintiffs suggest - - as they must - - that little additional discovery would be necessary as a result of their proposed amendments, this assertion is simply incorrect. See Pls.' Mem.", at 6.[2] In light of the significant burden Gristede's would face if required to undertake the

---

[2] As the Court is aware, Plaintiffs submitted several declarations of putative class members in support of their Motion for Class Certification. Ms. Sewer was one of the declarants. See Plaintiffs' Motion for Class Certification, at Exhibit 25. In an effort to investigate the validity of the declarations and to oppose Plaintiffs' motion, Gristede's undertook to depose those declarants Plaintiffs made available. On January 22, 2009, Gristede's deposed Ms. Sewer. Ms. Sewer's deposition was limited in scope to the fourteen paragraphs of her declaration, and did not (nor could it) address any questions of whether she would serve as an adequate class representative, or whether her claims were typical of the other putative class members. Because Gristede's could not have anticipated the addition of Ms. Sewer as a named plaintiff at that time,

additional efforts outlined above, Plaintiffs' motion to amend should be denied. See Davis v. Lenox Hill Hosp., No. 03-3746, 2004 WL 1926086, *4 (S.D.N.Y. Aug. 31, 2004) (denying leave to amend where "[plaintiff's] proposed amendments would change the nature of the claims in this case and would require the defendants to 'expend significant additional resources to conduct discovery and prepare for trial.'") (citing Block, 988 F.2d at 350-51).

        2.      *Plaintiffs' Amendment Would Cause Additional Delay In The Resolution Of This Matter.*

This case was filed in by Plaintiffs Margaret Anderson and Vanessa Hill in October 2006, 2 ½ years ago. Thereafter, in June 2007, Plaintiffs filed an Amended Complaint in which they added a new class representative, Susan Duling, and dropped Plaintiff Hill from the case. Extensive discovery has since been undertaken between the parties, including the exchange of voluminous documents and data, the completion of at least 14 depositions, the exchange of several expert reports, and the completion of expert depositions. The parties requested and received at least six extensions of the discovery deadline, which was initially scheduled to conclude on October 31, 2007. See Order, J. Swain, dated February 2, 2007. If the Court permits the amendment to the Complaint as requested by Plaintiffs, and Gristede's is forced to engage in the additional discovery outlined above, this necessarily will result in additional delay in what has already been an extremely lengthy class discovery period.

Moreover, should class certification be granted, the addition of Ms. Sewer's unique claims, which are unrelated to the class claims, will further delay the resolution of this matter. In that event, Gristede's will need to investigate, take discovery concerning, and make motions about Ms. Sewer's individuals claims, which are not germane to this class action. Litigating her

---

it did not explore these issues with Ms. Sewer, and her deposition lasted no longer than two hours. Plaintiffs have conceded that Ms. Sewer's will need to be re-deposed. See Pls' Mem. at 7.

-7-

individual claims, which do not arise out of the same transaction or occurrence as the class claims, will divert the parties' and the Court's attention from the claims of the putative class members, create jury confusion, and undermine the purpose of the class action vehicle, which is to promote efficiency and economy of litigation.  See Chardon v. Fumero Soto, 462 U.S. 650, 659 (1983).  Thus, permitting this amendment would cause delay in the class certification, discovery and trial phases of this litigation and, therefore, would unduly prejudice Gristede's.

       3.     *Gristede's Was Not On Fair Notice Of, And Is Unfairly Surprised By, The Addition Of Ms. Sewer's Claims*

In an effort to downplay the prejudice to Gristede's by their proposed amendment, Plaintiffs state: "Ms. Sewer 'asserts claims that are identical to, or a subset of, those claims made by the original Plaintiff[s] . . . , and . . . those claims arise from the very same incident[s].'"  Pls.' Mem. at 6 (citations omitted).  As is explained below, this assertion is blatantly untrue.

The class claims in this case relate to purported gender discrimination in connection with initial job placement, compensation, promotion and hours in violation of Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law and the New York City Human Rights law.  See Proposed Second Amended Complaint ("Sec. Am. Compl.") ¶¶ 1-7, 70-81.  Plaintiffs Duling and Anderson purport to state individual claims that are consistent with these allegations.[3]  Sec. Am. Compl. ¶¶ 82-88, 89-95.  In stark contrast, other than two conclusory allegations that are unrelated to her primary claims, Ms. Sewer does not plead any facts about compensation, promotion, initial job placement, hours or any other class claim.  To the contrary, she cites unique claims relating to purported pregnancy discrimination and FMLA violations.

---

[3]    As explained in Gristede's opposition to class certification, the facts as revealed in discovery make clear that, contrary to Plaintiffs' allegations, their individual claims are not typical of the class claims.

See Sec. Am. Compl. at ¶¶ 96-108.  Indeed, 13 of the 15 paragraphs concerning Ms. Sewer are unrelated to any class claim and are specific to her individual circumstances.

This is the first time Gristede's was made aware that any of the Plaintiffs seek to pursue claims of pregnancy discrimination or for violations of the Family Medical Leave Act ("FMLA").  Indeed, even in her declaration, which was filed approximately seven months ago, there is no mention of any claims for pregnancy discrimination or FMLA violations.  Gristede's will be prejudiced by the addition of these claims at this "advanced stage of [the] litigation, [as] the amendment concerns 'an entirely new set of operative facts of which it cannot be said that the original complaint provided fair notice.'"  Am Int'l Group, 2008 WL 2795141, at *3 (quoting Ansam Associates, Inc. v. Cola Petroleum, Ltd., 760 F.2d 442, 446 (2d Cir. 1985)).

    4. **Ms. Sewer Would Not Be Prevented From Bringing Any Timely Claims In A Separate Action.**

In contrast to the undue burden on Gristede's, there is no prejudice to Ms. Sewer associated with the denial of Plaintiffs' Motion.  In that regard, Ms. Sewer remains a putative class member as to any gender discrimination claims and, therefore, such claims remain tolled for her during the pendency of the putative class action.  If class certification is denied, she will be free to file any timely gender discrimination claims she may have if she wishes to do so.  Similarly, Ms. Sewer may file an individual pregnancy discrimination and FMLA action, separate and apart from this action, if she wishes to do so.  Therefore, the denial of this motion will not prejudice Ms. Sewer in any way.

  **B.** **Plaintiffs Have Not Offered Any Reasonable Explanation For Or Justification Of The Undue Delay In Seeking The Proposed Amendment.**

Where considerable time has elapsed between the filing of the complaint and the motion to amend, the moving party has the burden to provide a satisfactory explanation for the delay.

See Evans, 704 F.2d at 46-48.  Indeed, "the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice."  Id. at 47.

In this case, Plaintiffs have had ample opportunity to seek to add new plaintiffs and, in fact, did so when they added Plaintiff Duling in June 2007.  Now, two and a half years after the initial Complaint was filed, after class discovery is completed, and after class certification is almost fully briefed, Plaintiffs seek to again amend the Complaint.  However, Plaintiffs offer absolutely *no* reason to justify their attempt to do so, other than the admission that they hope to "solidify [their] position on class certification" with the addition of a named plaintiff.  Thus, it is clear that the Plaintiffs' sole purpose for filing their proposed Second Amended Complaint at this time – only days after receiving Gristede's opposition to their Motion for class certification – is to fix the deficiencies with their class arguments and to void the denial of class certification.  This, by definition, is not a satisfactory explanation and prejudices Gristede's.[4]  If the court were to rule otherwise, then plaintiffs in every class action would be able to add new class representatives at the eleventh hour – *after* the completion of discovery and the filing of briefs on class certification – in order to avoid the denial of their motion for class certification.

Courts in this jurisdiction have denied motions to amend under similar circumstances.  For example, in Davis v. Lenox Hill, the Court denied plaintiff's request to amend her complaint after the close of class discovery to add new plaintiffs.  2004 WL 1926086, at *4.  In that case,

---

[4]   Plaintiffs likewise cannot contend that they only now learned of the existence of Mr. Catsimatidis as President and CEO of Gristede's.  Indeed, their claimed basis for adding him as a defendant stems from a motion currently pending, but not yet decided, in Torres v. Gristede's Operating Corp., No. 04-3316 (S.D.N.Y.) (PHC).  A review of the pleadings in that matter reveals that Plaintiffs' counsel here (who also represent plaintiffs in the Torres matter) had contemplated Mr. Catsimatidis' role in that litigation as early as March 29, 2005, when plaintiffs in that case filed their second amended complaint naming Mr. Catsimatidis as a defendant.  To only now raise the issue of his involvement in the present litigation is unexcused and improper.

-10-

significantly less time had elapsed between the filing of the Complaint and the motion to amend (less than one year), and the Court nonetheless denied the request, stating:

> [Plaintiff] has not shown that her motion to amend is timely, or that amendment of her claims would not unfairly prejudice the defendants. Class discovery has closed. [Plaintiff] waited until five days *after* the close of class discovery to file her motion to amend the complaint and to add seven named plaintiffs . . . . There is no justification for this delay.

Id. (emphasis in original). Significantly, in Lenox Hill, like in our case, the primary purpose in seeking the amendment was to cure deficiencies in plaintiff's class certification motion, including problems with numerosity and typicality. Id. In that case, the Court did not find the plaintiff's explanation to be sufficient justification for the delay in filing the amendment. Noting defendants had not had the opportunity to take class discovery of the new named plaintiffs, and had appropriately limited the scope of previous class discovery, the Court found that plaintiff's unjustified delay and resulting prejudice to defendants warranted denial of the proposed amendment. Id.

Given that Plaintiffs here have not provided *any* justification, let alone a sufficient one, for seeking to amend the Complaint at this late juncture, the required showing of prejudice is significantly reduced. See Evans, 704 F.2d at 47. There can be no question that, under this reduced standard, Gristede's will be prejudiced by this proposed amendment of the Complaint. See Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990) (denying leave to amend the complaint and finding undue delay where amendment was sought "more than 17 months after bringing suit, more than six months after filing [the] second amended complaint, and more than one month after responding to the motion for summary judgment").

-11-

### C. Plaintiffs' Proposed Amendments Would Be Futile, And Leave To Amend Should Therefore Be Denied.

As previously explained, Plaintiffs seek to amend the Complaint for the express and sole purpose of "solidify[ing] [their] position of class certification." Pls.' Mem at 3. However, Plaintiffs' proposed amendments will not serve this purpose and, therefore, their amendments would be futile.

> *1. Plaintiffs' Attempt Tto Add A Named Plaintiff, If Allowed, Would Be Futile Because The New Plaintiff Could Not Meet The Requirements Of Class Certification.*

As is explained more fully in Defendant's Opposition to Plaintiff's Motion For Class Certification, Plaintiffs must show that Ms. Sewer's claims are typical of those of the class and that she would be an adequate class representative. To establish that she would serve as an adequate class representative, Plaintiffs must show that Ms. Sewer "is part of the class and 'possess[es] the same interest and suffer[s] the same injury' as the class members." Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 625-26 (1997). A critical consideration as to adequacy is "whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." Amchem, 521 U.S. at 626 n.20. However, Ms. Sewer's claims are not sufficiently similar to the claims of the class to permit her to serve as a class representative.

As previously explained, Ms. Sewer's claims arise predominantly, if not exclusively, from discrimination she allegedly suffered due to her pregnancy and the purported denial of her FMLA rights following her return from maternity leave. See Sec. Am. Compl. ¶¶ 98-108. These claims, which were added for the first time now, are exclusive to Sewer. Indeed, none of the other named Plaintiffs raise these claims, nor are they anywhere included in the portion of the Complaint pertaining to the class allegations. See Sec. Am. Compl. ¶¶ 68-95. As Ms. Sewer's

-12-

claims are not common to or typical of the claims of the other class members, she is not an adequate class representative.  See Harris v. Initial Sec., Inc., No. 05-3873, 2007 WL 703868, at *6 (S.D.N.Y. Mar. 7, 2007) ("[T]here is no evidence that Plaintiffs' claims are common to or typical of a larger class of black security guards.  As such, Plaintiffs' [sic] cannot be counted on to adequately protect other potential class members").

Given Ms. Sewer's inadequacy as a class representative, which is evident on the face of the Proposed Second Amended Complaint, the denial of Plaintiffs' Motion to Amend is warranted.[5]  See Luedke v. Delta Air Lines, Inc., No. 92-1778, 1993 WL 313577, *8 (S.D.N.Y. Aug. 10, 1993) ("[B]ecause common questions do not predominate over individualized inquiries, Plaintiffs' motion for leave to amend the class action complaint is denied as futile.");  See Presser v. Key Food Stores Co-operative, Inc., No. 01-8059, 2006 WL 2086346, *11 (E.D.N.Y. July 25, 2006) (denying leave to amend to add new named plaintiffs to class action where prospective plaintiffs would not have an actionable claim); Pierre v. JC Penney Co., No. 03-4782, 2006 WL 407553, *6 (E.D.N.Y. Feb. 21, 2006) (If "the court finds the proposed class cannot be certified under Rule 23, leave to amend will be denied.").  See also, Kaufman v. Am. Family Mut. Ins. Co., No. 05-02311, 2008 WL 1806195, *11 (D. Colo. Apr. 21, 2008) (Court denied leave to amend complaint to add named plaintiffs, noting that "the claims of the proposed plaintiffs are sufficiently non-identical as to require denial of the amendment. Each proposed plaintiff had his or her own distinct dealings with Defendant's representative(s), and each proposed plaintiff's reactions to the Defendant's actions will require separate scrutiny.").

---

[5]    In their letter to the Court dated March 15, 2009, Plaintiffs cite three cases which were not cited in their Motion To Amend and which they contend support their position that permission to amend their Complaint should be granted.  A review of these cases, which permitted an amendment to correct technical pleading deficiencies at an early stage of the litigation and permitted an amendment in response to a motion to dismiss the individual claims after class certification had been denied, are entirely inapposite to the circumstances in this case.

      2. *Plaintiffs' Attempt To Add Additional Paragraphs Of Injunctive Relief Would Be Futile.*

  In its Opposition to Plaintiffs' Motion For Class Certification, Gristede's explained that a class could not be properly certified under Rule 23(b)(2) because: (1) the proposed class lacks the commonality of interests required by the Rule; and (2) Plaintiffs seek predominantly monetary damages.  <u>See</u> Def's Opp. at 23-25.  In an effort to cure these defects, Plaintiffs seek to add four sub-paragraphs to their prayer for relief.  However, as with their attempt to add Ms. Sewer, this proposed amendment will do nothing to alleviate the Rule 23(b)(2) defects and, therefore, would be futile.

  Class certification is appropriate under Rule 23(b)(2) only where plaintiffs satisfy all four elements of Rule 23(a) <u>and</u> "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2). In interpreting this later requirement, the courts have held that "[i]n the absence of a *specific policy applicable to all employees*, the proposed class simply lacks the commonality of interest that Rule 23(b)(2) requires." <u>Donaldson v. Exelon Corp.</u>, No. 05-1542, 2006 WL 2668573, at *6 (E.D. Pa. 2006) (emphasis added).  As demonstrated in Gristede's Opposition to Plaintiff's Motion For Class Certification, Plaintiffs have not identified a specific policy nor have they shown that Gristede's acted in a way generally applicable to the class.  <u>See</u> Def's Opp. at 12-15. Neither the addition of Ms. Sewer as a named Plaintiff nor the four sub-paragraphs seeking injunctive relief do anything to alter this conclusion.  In fact, the highly individualized allegations related to Ms. Sewer's claims highlight the complete lack of commonality sufficient to warrant class-wide declaratory relief.

Further, the addition of the four sub-paragraphs does not change the fact that Plaintiffs, two of whom no longer work for Defendants, are seeking "final relief [which] relates exclusively or *predominately* to money damages." Robinson v. Metro-N. Commuter R.R. Co., 267 F.3d 147, 163 (2d Cir. 2001) (quoting 1966 Ad. Comm. Notes to Fed. R. Civ. P. 23(b)(2)) (emphasis in original). While Plaintiffs have attempted to beef up their claims for injunctive relief, by seeking reinstatement and a court-appointed monitor of any relief granted, the fact remains that each still asks for considerable monetary damages, including the maximum compensatory and punitive damages available under Title VII - - $300,000 per class member. Thus, the damages they are seeking are not "incidental" to the injunctive relief, and the "[c]ertification of a claim for non-incidental damages under Rule 23(b)(2) poses a due process risk because this provision does not expressly afford the procedural protections of notice and opt-out." Robinson, 267 F.3d at 166. Thus, the proposed amendments to the Complaint are simply an attempt to "provide cover for (b)(2) certification of claims that are brought *essentially for monetary recovery*." Id. at 164. Therefore, the proposed amendment does not cure the deficiency and would be futile.

## IV.   CONCLUSION

For all of the above reasons, Gristede's respectfully requests this Court deny Plaintiffs' Motion for Leave to Amend the Complaint.

Dated: March 31, 2009

Philadelphia, Pennsylvania

Kevin J. Nash
Joseph Ted Donovan
FINKEL GOLDSTEIN ROSENBLOOM & NASH LLP
26 Broadway, Suite 711
New York, New York 10004
(212) 344-2929

By: _____
Michael J. Puma
MORGAN LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103-2921
Counsel for Defendants

Amber L. Kagan
MORGAN LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178
(212) 309-6000