Kevin J. Nash
Joseph Ted Donovan
FINKEL GOLDSTEIN ROSENBLOOM & NASH LLP
26 Broadway, Suite 711
New York, New York 10004
(212) 344-2929

Amber L. Kagan
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178
(212) 309-6000

Michael J. Puma
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
(215) 963-5000

*Counsel for Defendants*

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SUSAN DULING and MARGARET ANDERSON,** on behalf of themselves and all others similarly situated, **Plaintiffs,** -against- **GRISTEDE'S OPERATING CORP.; RED APPLE GROUP, INC., D/B/A/ GRISTEDE'S; GRISTEDE'S FOOD INC.; GRISTEDE'S DELIVERY SERVICE, INC.; GRISTEDE'S FOODS NY, INC.; GRISTEDE'S NY, LLC; and NAMDOR, INC.; Defendants.** | **06 CV 10197 (LTS)(HBP)** |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Defendants Gristede's Operating Corp., Red Apple Group, Inc., Gristede's Foods, Inc., Gristede's Delivery Service, Inc., Gristede's Foods NY, Inc., Gristede's NY LLC, and Namdor, Inc. (collectively, "Defendants" or "Gristede's") submit this Memorandum of Law in support of their Motion for a Protective Order governing the use of personnel files of Gristede's employees.

## I.   <u>INTRODUCTION</u>

Gristede's seeks to protect the confidentiality of the private personnel records of hundreds of its employees, including documents relating to compensation, discipline, medical conditions, financial accounts, background checks, child support obligations, legal matters, police investigations, immigration status, and other personal information.  Despite multiple attempts to obtain Plaintiffs' consent to confidentiality protection that is routine in most litigation, Plaintiffs have refused to accept either of Gristede's proposed Protective Orders or to provide any counter-proposal.  Nor have Plaintiffs articulated any real reason why the proposed Protective Order would somehow prejudice Plaintiffs' prosecution of the claims in this action.

Plaintiffs' refusal to agree to reasonably limited confidentiality protection for the private files of Gristede's employees is particularly troubling considering that Plaintiffs and their counsel seek to represent many of the same employees in this putative class action.  Yet, they have shown no interest in ensuring the confidentiality of the extensive private information contained in these files, and their communications in objecting to confidentiality protections have even indicated that they may use at least portions of the personnel files in press releases.

For the foregoing reasons, explained in more detail below and in the supporting Declaration filed herewith, Gristede's respectfully requests that this Court enter its proposed Protective Order attached as Exhibit A to the Declaration.

1

## II.     RELEVANT PROCEDURAL HISTORY

Gristede's has been prepared for weeks to produce hundreds of addition personnel files to Plaintiffs pursuant to this Court's Order dated December 17, 2007.[1]  (Declaration of Michael J. Puma ("Puma Decl.") ¶ 5.)  These files contain documents relating to compensation, discipline, medical conditions, financial accounts, background checks, child support obligations, legal matters, police investigations, immigration status, arbitration, and other personal information. (Puma Decl. ¶ 6.)

As soon as the files had been collected, reviewed, scanned, and bates-stamped for production, Gristede's contacted Plaintiffs and proposed a typical Confidentiality Agreement and Protective Order similar to what courts have approved in other class and collective actions. (Puma Decl. ¶ 7, Exhibit ("Exh.") B.)  After Plaintiffs did not respond, Gristede's contacted them again.  (Puma Decl. ¶ 8, Exh. C.)  Plaintiffs' then promised to respond to Gristede's proposal (Puma Decl. ¶ 9, Exh. D.), but they did not.  Gristede's wrote to Plaintiffs once again seeking their approval of its proposed Confidentiality Agreement and Protective Order or, alternatively, a counter-proposal.  (Puma Decl. ¶ 10, Exh. E.)

The next day, counsel for the parties discussed Gristede's proposal by phone.  (Puma Decl. ¶ 11.)  Counsel for the Plaintiffs raised general objections but did not provide any counter-proposal or any specific revisions to Gristede's proposal.  (Puma Decl. ¶ 11.)

---

[1]     Gristede's had previously produced 131 personnel files for all of the current employees at its three largest stores, which are discussed in its Memorandum of Law in opposition to Plaintiffs' Motion for Class Certification.  As was explained to Plaintiffs, however, until Gristede's upgraded its software earlier this year, it did not have the ability to identify all employees who *ever* worked in those stores dating back to 1999.  (See Reply Memorandum of Law in Support of Motion to Strike Expert Report of David L. Crawford at 4 n.3.)  As soon as Gristede's was able to do so, it began pulling the personnel files of those employees and has been waiting to produce them as soon as an appropriate confidentiality agreement is executed to protect the privacy of third-party employees.

Two days later, as a compromise intended to resolve the dispute while protecting at a bare minimum the personnel files produced in this action, Gristede's sent Plaintiffs a much more limited proposal.  (Puma Decl. ¶ 12, Exhs. F & A.)  That revised Confidentiality Agreement and Protective Order only governed the use of personnel files produced in this case.  (Puma Decl. ¶ 12, Exhs. F & A.)

Later that day, Plaintiffs responded to Gristede's limited proposal by indicating that although they had not yet carefully reviewed the agreement, they nevertheless had a number of general objections and concerns.  (Puma Decl. ¶ 13, Exh. E.)  Once again, however, Plaintiffs did not suggest any specific revisions to the Agreement or offer any counter-proposal of their own.[2] (Puma Decl. ¶ 13, Exh. G.)

In a final effort to resolve the parties' dispute over confidentiality protection, Gristede's wrote back to Plaintiffs, addressed each of the concerns they had raised, and again asked Plaintiffs to execute the Agreement or at least offer specific revisions to the language of the proposal or a counter-proposal.  (Puma Decl. ¶ 14, Exh. H.)  Plaintiffs wrote back that day and, again, failed to do so.  (Puma Decl. ¶ 15, Exh. I.)

Unable to obtain appropriate confidentiality protection for its employees' personnel files, Gristede's now seeks the Court's assistance in resolving this dispute.  As set forth above, Gristede's made a good faith effort to resolve this dispute with Plaintiffs before filing its Motion.

---

[2]    Plaintiffs offered to abide by the protections provided by Federal Rule 5.2, but of course Plaintiffs must do so anyway.  And that rule merely prevents Plaintiffs from filing with the Court a very limited set of information such as social security numbers, which does not address concerns with compensation, disciplinary, and other personal information discussed herein.  Moreover, Federal Rule 5.2 applies only to documents actually filed with the Court, so it still would not prevent Plaintiffs from disseminating the personnel files to anyone they wish.

3

III.   **ARGUMENT**

    A.    **This Court Has Broad Discretion To Provide For Confidentiality Protection.**

Federal Rule of Civil Procedure 26(c) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or under burden or expense," including specifying the terms on which discovery may be obtained. Moreover, "the grant and nature of protection [under Federal Rule 26(c)] is singularly within the discretion of the district court and may be reversed only upon a clear showing of an abuse of discretion." Galella v. Onassis, 487 F.2d 986, 997 (2d Cir. 1973).  Here, there is no dispute over the production of the personnel files sought by Plaintiffs, which the Court already ordered. Rather, Gristede's seeks the Court's assistance only in restricting how Plaintiffs may use those private files of third-party employees once they are produced.

    B.    **Confidentiality Protection Is Warranted For Gristede's Personnel Files.**

Ample "good cause" exists here for the Court to enter a Protective Order, in the form proposed by Gristede's at Exhibit A to the Puma Decl., to ensure confidentiality protection for the private personnel files of Gristede's employees.  In assessing Gristede's request, it is important to consider that many of the employees whose files will be produced are not even absent class members in this action and, therefore, have no stake at all in this case.  Moreover, as to the sub-set of employees covered by the production who are putative absent class members and thus not parties, they have not joined in Plaintiffs' claims or expressed any interest whatsoever in supporting the putative class action.  The Court has not yet ruled whether Plaintiffs and their counsel adequately represent the interests of these individuals.

4

As discussed above, the files to be produced contain private information regarding compensation, discipline, medical conditions,[3] financial accounts, background checks, child support obligations, legal matters, police investigations, immigration status, and other personal information, which Gristede's employees understandably would not want shared with their co-workers or otherwise freely available in the public domain.  And they certainly would not want those materials used to some extent in press releases, as Plaintiffs have indicated may be their intention[4] (Puma Decl. ¶¶ 13-14, Exhs. G & H.)

Weighed against this clear showing of "good cause" for confidentiality, Plaintiffs have not articulated any legitimate reason why the confidentiality protection sought by Gristede's would prejudice their ability to prosecute the individual or putative class action claims in this case.  According to Plaintiffs, they do not want a Protective Order that will infringe upon "freedom to prepare our case."  (Puma Decl., Exh. I.)  Yet, Plaintiffs have never explained how the proposed Protective Order obstructs the litigation of their claims.  Plaintiffs are unable to do so, in part, because the proposed Order is extremely limited in all respects:

> It applies only to employees' personnel files.  (Puma Decl., Exh. A, ¶ 1.)

> Unlike many confidentiality agreements, it does not require any documents to be sealed in Court filings, so it does not limit public access to judicial records.[5]  (Puma Decl., Exh. A.)

> It provides for free access to the personnel files by persons who may have a legitimate need to see the records in connection with this litigation, including Court personnel, the parties, the parties' counsel and their employees working on the case,

---

[3]     Plaintiffs have offered to provide confidentiality protection for medical records, but none of the other categories of documents addressed herein.

[4]     Plaintiffs later sent an e-mail that appeared to contradict this initial e-mail regarding the use of personnel files, but Gristede's cannot understand Plaintiffs' actual intentions in light of their contradictory messages.

[5]     Courts routinely approve even protective orders with sealing provisions for a variety of reasons, but the Court does not need to reach that issue here.

witnesses, experts, consultants, and even all of the putative class members if a class is actually certified (in which case they would become parties as well).  (Puma Decl., Exh. A, ¶ 3.)  All that the proposal requires for some of these individuals is that they agree to maintain the confidentiality of the personnel files before reviewing them.  (Puma Decl., Exh. A, ¶ 4.)

➢ It specifically provides that its terms do not limit Plaintiffs' ability to seek discovery of any documents.  (Puma Decl., Exh. A, ¶ 10.)

In sum, Plaintiffs still have not provided any legitimate reason for their opposition to confidentiality protection for the personnel files of Gristede's employees.[6]

During the course of the parties' negotiations, Plaintiffs claimed that the proposed Confidentiality Agreement and Protective Order is "inconsistent with established law," (Puma Decl., Exh. G), but they failed to cite any authority for that proposition.  The only case cited in any of Plaintiffs' communications, In re Cendant Corp., 260 F.3d 183, 294 (3rd Cir 2001), has nothing to do with the confidentiality of third-party personnel files.  Rather, the opinion relates only to whether certain records could be *sealed* even when filed with the Court and thus withheld entirely from public inspection.  The Third Circuit concluded that was inappropriate because the particular records at issue – bids by various plaintiffs' counsel to serve as lead class counsel – were properly considered motion papers and thus were "judicial records" that generally must be available for public inspection, subject to certain exceptions.  Here, *Gristede's proposal does not contain any sealing provision at all*.  Moreover, the private information contained in third-party personnel files does not even remotely resemble the documents determined by the Third Circuit to be judicial records.

---

[6]     The only claim of prejudice that Gristede's can discern from Plaintiffs' communications is Plaintiffs' objection (Puma Decl., Exh. G) to requiring witnesses who review confidential personnel files to agree that they will themselves then maintain the confidentiality of the information in those files.  (Puma Decl., Exh. A, ¶ 4.)  If there is any actual prejudice to Plaintiffs' prosecution of their claims that is associated with this perfectly reasonable requirement, Gristede's cannot identify it and Plaintiffs certainly have not explained it.

6

IV.     **CONCLUSION**

As set forth above, Defendants respectfully request that this Court grant their Motion and, therefore, enter the proposed Protective Order attached as Exhibit A to the Declaration of Michael J. Puma filed herewith.

Dated: May 8, 2009
      Philadelphia, Pennsylvania     Kevin J. Nash
                                         Joseph Ted Donovan
                                         FINKEL GOLDSTEIN ROSENBLOOM & NASH LLP
                                         26 Broadway, Suite 711
                                         New York, New York 10004
                                         (212) 344-2929

                                         Amber L. Kagan
                                         MORGAN LEWIS & BOCKIUS LLP
                                         101 Park Avenue
                                         New York, New York 10178
                                         (212) 309-6000

By: _____
                                         Michael J. Puma
                                       MORGAN LEWIS & BOCKIUS LLP
                                       1701 Market Street
                                       Philadelphia, Pennsylvania 19103-2921
                                       (215) 963-5305

                                       Counsel for Defendants

DB1/62884211.1