UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

SUSAN DULING and MARGARET          :
ANDERSON, on behalf of
themselves and all others          :
similarly situated,
                                   :
                    Plaintiffs,    :    06 Civ. 10197 (LTS)(HBP)
                                   :
    -against-                           OPINION
                                   :    AND ORDER
GRISTEDE'S OPERATING CORP.,
et al.,                            :

                    Defendants.    :

----------------------------------X

        PITMAN, United States Magistrate Judge:


I.  Introduction


        By notice of motion dated March 17, 2009 (Docket Item

91), plaintiffs move for leave to file an amended complaint.  The

proposed amended complaint would add Lakeya Sewer as a named

plaintiff, add John Catsimatidis as a defendant, add individual

claims on behalf of Lakeya Sewer under the Family Medical Leave

Act ("FMLA") and the New York City Human Rights Law ("NYCHRL"),

supplement the injunctive relief requested, and make certain

other technical amendments.

        For the reasons set forth below, plaintiffs' motion is

granted.

II.  <u>Facts</u>

This is an employment discrimination action brought as
a class action.  Plaintiffs allege that defendants (collectively
referred to as "Gristede's"), entities which operate several
retail grocery store chains in the New York metropolitan area,
systematically discriminate against women in violation of Title
VII of the Civil Rights Act of 1964 ("Title VII"), the New York
State Human Rights Law ("NYSHRL") and the NYCHRL (First Amended
Complaint ("First Am. Compl.") ¶ 1).  Specifically, plaintiffs
allege that defendants channel women into cashier and bookkeeper
positions because of their gender (First Am. Compl. ¶ 3).
According to plaintiffs, cashiers and bookkeepers work fewer
hours and are paid less than those in other positions, and,
therefore, the positions available to women are less desirable
than those available to men (First Am. Compl. ¶¶ 3-4).  Plain-
tiffs allege that defendants also discriminate against women in
the promotion of employees to managerial positions, using a "tap
on the shoulder" method rather than posting job openings, as well
as promoting male employees in substantially larger numbers than
female employees (First Am. Compl. ¶¶ 5-6).

Overall, plaintiffs allege that defendants discriminate
against women with regard to job placement, compensation, promo-
tion, training, discipline, and other terms and conditions of
employment (First Am. Compl. ¶ 7).  Plaintiffs also allege that

defendants discriminate by failing to implement effective equal employment opportunity policies, cultivating a discriminatory culture, failing to implement a system for posting promotion opportunities, and failing to provide managers and executives with equal employment opportunity training (First Am. Compl. ¶ 7).

Plaintiffs seek to represent "all current and former female Gristede's employees who worked for Gristede's at any time between November 2, 2004 and the date of final judgment in this matter" (Plaintiffs' Memorandum of Law in Support of Motion for Class Certification, dated January 30, 2009 ("Pls.' Mem. in Support of Certification") at 1). Plaintiffs filed their First Amended Complaint on June 21, 2007, adding Susan Duling as a named plaintiff and deleting Vanessa Hill as a named plaintiff (Compare Complaint with First Am. Compl.).

Class discovery began after the First Amended Complaint was filed, and was completed on January 30, 2009 (Memorandum of Law in Support of Motion for Leave to File an Amended Complaint, dated Mar. 17, 2009 ("Pls.' Mem. in Support") at 2; Memorandum of Law in Opposition to Plaintiffs' Motion to Amend the Complaint, dated March 31, 2009 ("Defs.' Mem in Opp.") at 1). Plaintiffs filed their motion for class certification on January 30, 2009, and defendants submitted their reply papers on March 9, 2009. That motion is still pending.

On March 17, 2009, plaintiffs served the instant motion, seeking leave to amend their complaint for a second time. Plaintiffs seek to add Lakeya Sewer, a former employee of Gristede's, as a named plaintiff (Proposed Second Amended Complaint ("Sec. Am. Compl.") ¶¶ 20-22), add John Catsimatidis, who is owner, Chairman of the Board of Directors, President, and Chief Executive Officer of Gristede's, as a defendant (Sec. Am. Compl. ¶¶ 1, 50-59), add claims under the FMLA and the NYCHRL on behalf of Sewer (Sec. Am. Compl. ¶¶ 132-38), and modify the relief requested (Sec. Am. Compl. ¶¶ (b), (e), (h), (i), (k), (q)-(w)).

In addition to joining the class allegations, Sewer alleges that defendants restored her to an inferior position -- cashier, rather than receptionist -- upon her return from maternity leave, thereby both violating her restoration rights under the FMLA and discriminating against her based on her gender and pregnancy in violation of the NYCHRL (Sec. Am. Compl. ¶¶ 96-110, 132-38). According to plaintiffs, the change of positions constituted a demotion because of the difference in status and responsibilities between the two jobs (Sec. Am. Compl. ¶¶ 101-05).

The modifications to the requested relief include adding Sewer as an additional class representative, adding a request for declaratory relief against Catsimatidis, adding

specific requests for injunctive relief including the implementa-
tion of objective assignment, promotion and compensation stan-
dards, the promotion of plaintiffs and class members to rightful
positions or the award of front pay, and various requests for
relief for Sewer (Sec. Am. Compl. ¶¶ (b), (e), (h), (i), (k),
(q)-(w)).

        Plaintiffs seek to add Sewer as a named plaintiff in
order to eliminate certain objections to their motion for class
certification (Pls.' Mem. in Support at 3).  Plaintiffs also
assert that litigating Sewer's individual claims along with the
class claims would serve judicial economy (Pls.' Mem. in Support
at 5).  Plaintiffs seek to add Catsimatidis as a defendant
because they believe that evidence developed in another case
pending in this Court, Torres v. Gristede's Operating Corp., 04
Civ. 3316 (PAC) (S.D.N.Y.) (settlement pending), establishes that
he is subject to liability as an "employer" under the NYSHRL and
the NYCHRL (Pls.' Mem. in Support at 3).

        I have issued two Scheduling Orders in this case.  On
February 13, 2009, prior to the instant motion, I issued a
Scheduling Order (Docket Item 75) which provided, among other
things, that any amended pleadings were to be due within sixty
days after the Court's ruling on class certification and that, if
class certification were granted, all non-expert witness discov-
ery was to be completed within ninety days after the Court's

ruling on class certification (Scheduling Order, dated February 13, 2009 ("Feb. 13 Order")).  On March 19, 2009, after plaintiffs filed the motion to amend their complaint, I issued a superceding Scheduling Order which set a briefing schedule for further submissions concerning the motion and directed that all non-expert witness discovery be completed within ninety days of the Court's decision on class certification (Scheduling Order, dated March 19, 2009 ("Mar. 19 Order")).

III. <u>Analysis</u>

A.  <u>General Standards Applicable to a Motion to Amend</u>

The standards applicable to a motion to amend a pleading are well settled and require only brief review.  Leave to amend a pleading should be freely granted when justice so requires.  Fed.R.Civ.P. 15(a); <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>McCarthy v. Dun & Bradstreet Corp.</u>, 482 F.3d 184, 200 (2d Cir. 2007); <u>Aetna Cas. & Sur. Co. v. Aniero Concrete Co.</u>, 404 F.3d 566, 603-04 (2d Cir. 2005); <u>Dluhos v. Floating & Abandoned Vessel, Known as "New York"</u>, 162 F.3d 63, 69 (2d Cir. 1998); <u>Gumer v. Shearson, Hamill & Co.</u>, 516 F.2d 283, 287 (2d Cir. 1974).  "Nonetheless, the Court may deny leave if the amendment (1) has been delayed unduly, (2) is sought for dilatory purposes or is made in bad faith, (3) [would prejudice] the opposing

6

party . . . or (4) would be futile." Lee v. Regal Cruises, Ltd.,
916 F. Supp. 300, 303 (S.D.N.Y. 1996) (Kaplan, D.J.), aff'd, 116
F.3d 465 (2d Cir. 1997); see McCarthy v. Dun & Bradstreet Corp.,
supra, 482 F.3d at 200; Ellis v. Chao, 336 F.3d 114, 126-27 (2d
Cir. 2003); Montefiore Med. Ctr. v. Am. Prot. Ins. Co., 00 Civ.
3235 (LTS), 2003 WL 21108261 at *1 (S.D.N.Y. May 14, 2003)
(Swain, D.J.); Am. Home Assurance Co. v. Jacky Maeder (Hong Kong)
Ltd., 969 F. Supp. 184, 187-88 (S.D.N.Y. 1997) (Kaplan, D.J.).
The Court of Appeals has repeatedly noted that the trial court
has broad discretion in ruling on a motion to amend.  E.g.,
Gurary v. Winehouse, 235 F.3d 792, 801 (2d Cir. 2000); Local 802,
Assoc. Musicians v. Parker Meridien Hotel, 145 F.3d 85, 89 (2d
Cir. 1998); Guzman v. Bevona, 90 F.3d 641, 649 (2d Cir. 1996);
see generally Grace v. Rosenstock, 228 F.3d 40, 53-54 (2d Cir.
2000).

     To the extent a proposed amendment would add new
parties, the motion is technically governed by Rule 21, which
provides that "the court may at any time, on just terms, add or
drop a party," rather than Rule 15(a).  Fed.R.Civ.P. 21; FTD
Corp. v. Banker's Trust Co., 954 F. Supp. 106, 109 (S.D.N.Y.
1997) (Stein, D.J.).  However, "'the same standard of liberality'
applies under either Rule."  FTD Corp. v. Banker's Trust Co.,
supra, 954 F. Supp. at 109, citing Fair Hous. Dev. Fund Corp. v.
Burke, 55 F.R.D. 414, 419 (E.D.N.Y. 1972) and Expoconsul Int'l,

Inc. v. A/E Sys., Inc., 145 F.R.D. 336, 337 n.4 (S.D.N.Y. 1993)
(Preska, D.J.); see also Sly Magazine, LLC v. Weider Publ'ns
L.L.C., 241 F.R.D. 527, 532 (S.D.N.Y. 2007) (Casey, D.J.);
Chowdhury v. Haveli Rest., Inc., 04 Civ. 8627 (RMB)(JCF), 2005 WL
1037416 *1-*2 (S.D.N.Y. May 3, 2005) (Francis, M.J.).

    B.  Defendants' Arugments

        1.  Undue Delay

        Defendants first argue that the motion should be denied
because of plaintiffs' delay.

        Delay alone, in the absence of bad faith or prejudice,
is not a sufficient reason for denying a motion to amend.
Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008);
Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 234-35 (2d
Cir. 1995); State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843,
856 (2d Cir. 1981); Middle Atl. Utils. Co. v. S.M.W. Dev. Co.,
392 F.2d 380, 384 (2d Cir. 1968).  Thus, the court may "deny
leave to amend 'where the motion is made after an inordinate
delay, no satisfactory explanation is offered for the delay, and
the amendment would prejudice' other parties."  Grace v.
Rosenstock, supra, 228 F.3d at 53-54 (emphasis added), quoting
Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990);
Bankers Trust Co. v. Weinick, Sanders & Co., 92 Civ. 9127
(PNL)(MHD), 1993 WL 478124 at *7-*8 (S.D.N.Y. Nov. 12, 1993)

(Dolinger, M.J.); <u>Bertrand v. Sava</u>, 535 F. Supp. 1020, 1023
(S.D.N.Y. 1982) (Carter, D.J.), <u>rev'd</u> <u>on</u> <u>other</u> <u>grounds</u>, 684 F.2d
204 (2d Cir. 1982); <u>see</u> <u>also</u> <u>Commander Oil Corp. v. Barlo Equip.</u>
<u>Corp.</u>, 215 F.3d 321, 333 (2d Cir. 2000) (permitting amendment of
answer to assert additional affirmative defense after a seven-
year delay does not constitute an abuse of discretion in the
absence of prejudice).

     Defendants highlight the fact that plaintiffs' motion
comes two and a half years after the litigation began (Defs.'
Mem. in Opp. at 1, 7).  However, under the liberal standard of
Rule 15(a), leave to amend may be appropriate at any stage of
litigation.  <u>See</u> 6 Charles Alan Wright, Arthur R. Miller & Mary
Kay Kane, <u>Federal Practice & Procedure</u> § 1488 at 652-57 (2d ed.
1990) (noting that courts have granted leave to amend "following
discovery; after a pretrial conference; at a hearing on a motion
to dismiss or for summary judgment; after a motion to dismiss has
been granted but before the order of dismissal has been entered;
when the case is on the trial calendar and has been set for a
hearing by the district court; at the beginning, during, and at
the close of trial; after a judgment has been entered; and even
on remand following an appeal").  In addition, the delay here is
much smaller than that which courts have found suspect -- gener-
ally, delay until the eve of trial.  <u>Smith v. City of New York</u>,
611 F. Supp. 1080, 1093 (S.D.N.Y. 1985) (Haight, D.J.) (where

plaintiff seeks amendments "literally on the eve of trial . . . plaintiff bears a heavy burden of persuasion to explain and justify the delay"); Portsmouth Baseball Corp. v. Frick, 21 F.R.D. 318, 320 (S.D.N.Y. 1958) (Edelstein, D.J.); Walder v. Paramount Publix Corp., 135 F. Supp. 228, 229 (S.D.N.Y. 1955) (Weinfeld, D.J.); see Middle Atl. Utils. Co. v. S.M.W. Dev. Co., supra, 392 F.2d at 386.

As plaintiffs point out, their motion to amend comes well before the deadline for such motions set in my February 13, 2009 Scheduling Order -- a deadline to which defendants stipu-lated (Pls.' Mem. in Support at 2, 6; Pls.' Mem. in Further Support at 1; Feb. 13 Order).[1]  In addition, the timing of plain-tiffs' motion does not appear to involve any significant level of delay, and, in any event, delay is rarely fatal to a Rule 15 motion if it can be explained.  See Foman v. Davis, supra, 371 U.S. at 182.  Although some explanation must be provided to excuse a delay, see Reisner v. Gen. Motors Corp., 511 F. Supp. 1167, 1172 (S.D.N.Y. 1981) (Goettel, D.J.), aff'd, 671 F.2d 91 (2d Cir. 1982), even vague or "thin" reasons are sufficient, in the absence of prejudice or bad faith.  Town of New Windsor v. Tesa Tuck, Inc., 919 F. Supp. 662, 677 (S.D.N.Y. 1996) (Parker,

---

[1]Although I have since issued a superceding Scheduling Order, the order in force at the time plaintiffs filed their motion to amend was the February 13 Scheduling Order.

D.J.); Rachman Bag Co. v. Liberty Mut. Ins. Co., supra, 46 F.3d at 235.

Here, plaintiffs offer adequate reasons for their delay. They state that they made the motion when they did to meet defendants' argument that the plaintiffs named in the amended complaint are atypical and that class certification is, therefore, appropriate (Pls.' Mem. in Support at 3). Defendants object to this explanation, claiming that plaintiffs' desire to cure a potential deficiency in their class certification argument is, "by definition," not an acceptable reason for seeking leave to amend (Defs.' Mem. in Opp. at 10).

A change in litigation strategy is a legitimate reason for seeking to amend a pleading under the liberal standard of Rule 15(a), Town of New Windsor v. Tesa Tuck, Inc., supra, 919 F. Supp. at 676; Green v. Wolf Corp., 50 F.R.D. 220, 223 (S.D.N.Y. 1970) (Edelstein, D.J.); see Middle Atl. Utils. Co. v. S.M.W. Dev. Co., supra, 392 F.2d at 384-85, as is the correction of potential deficiencies in the complaint. Luparello v. Inc. Vill. of Garden City, 290 F. Supp. 2d 341, 344 (E.D.N.Y. 2003) ("[T]o the extent that the proposed amendments may be said to cure deficiencies in the complaint, that result is not a basis for their denial."); Vulcan Soc. of Westchester Co. Inc. v. Fire Dept. of White Plains, 82 F.R.D. 379, 386 (S.D.N.Y. 1979) ("Even to the extent it may be said the amendments seek to cure defi-

11

ciencies in the original complaint, such is not alone a basis for
their denial.").

In support of their objection, defendants rely on Davis
v. Lenox Hill Hosp., 03 Civ. 3746 (DLC), 2004 WL 1926086 at *1-*4
(S.D.N.Y. Aug. 31, 2004), in which the Honorable Denise L. Cote,
United States District Judge, denied the plaintiff's motion to
amend the complaint to add new plaintiffs after class discovery
had closed (Defs.' Mem. in Opp. at 10-11).  However, the circum-
stances here differ in important respects from those in Davis.
In Davis, Judge Cote emphasized that the plaintiff had delayed
adding new plaintiffs despite knowing the problems she faced in
establishing typicality and commonality when she filed the
lawsuit and despite being reminded of them on several occasions
subsequently.  Davis v. Lenox Hill Hosp., supra, 2004 WL 1926086
at *4.  Here, as defendants themselves emphasize, plaintiffs
moved for leave to amend just days after receiving defendants'
opposition to their motion for class certification, which argued
that the existing plaintiffs were inadequate class representa-
tives and that their claims were atypical (see Defs.' Mem. in
Opp. at 10).  Plaintiffs are simply attempting to remedy poten-
tial problems cited by defendants.  In addition, the amendments
sought in Davis would have changed the class claims as well as
expanded the putative class and were, therefore, more substantial

12

than those here.  See Davis v. Lenox Hill Hosp., supra, 2004 WL 1926086 at *4.

Plaintiffs also offer additional explanations for seeking to join Sewer at this time.  Plaintiffs claim that Sewer did not initially seek to join the action because she feared that Gristede's might retaliate against her aunt, who works for the company as Catsimatidis's personal assistant (Pls.' Mem. in Further Support at 2; Declaration of Lakeya Sewer, dated April 7, 2009, attached to Pls. Mem. in Further Support as Ex. 4 ("Sewer Decl. Apr. 7, 2009") ¶¶ 2, 4).  Sewer states that she decided to seek to join the action shortly after defendants' attorney took her deposition on January 22, 2009, and, allegedly mistreated her (Pls.' Mem. in Further Support at 2; Sewer Decl. Apr. 7, 2009 ¶ 5-6).  Sewer retained Outten & Golden LLP a month later (Pls.' Mem. in Further Support at 2; Sewer Decl. Apr. 7, 2009 ¶ 7), and plaintiffs filed notice of their motion to amend shortly after that, on March 17, 2009 (Plaintiffs' Motion for Leave to Amend the Complaint; Pls.' Mem. in Further Support at 2).

Plaintiffs also provide an explanation for their attempt to add Catsimatidis as a defendant at this time.  Plaintiffs' counsel state that part of their reason for seeking to add him at this time was the summary judgment motion pending in another case, Torres v. Gristede's Operating Corp., 04 Civ. 3316 (PAC) (S.D.N.Y.) (Pls.' Mem. in Support at 8; Pls.' Mem. in

Further Support at 2-3).  This motion, filed on February 18, 2009, concerns Catsimatidis's status as a joint employer under New York Labor Law.  Plaintiffs claim that evidence developed in Torres establishes Catsimatidis's status as an employer under the NYCHRL and the NYSHRL (Pls.' Mem. in Support at 3).[2]  Defendants note that plaintiffs in Torres named Catsimatidis as a defendant in their second amended complaint, filed March 29, 2005, and assert that because plaintiffs' attorneys were aware of his role at Gristede's at that date, it is "unexcused and improper" for plaintiffs to wait until now to add him as a defendant in the instant case (Defs.' Mem. in Opp. at 10 n.4).  Although defendants appear to be correct that plaintiffs' counsel was aware of Catsimatidis's potential role since early 2005, defendants do not explain how this delay prejudices them.  Because delay alone is insufficient to deny a motion to amend, Ruotolo v. City of New York, supra, 514 F.3d at 191; Rachman Bag Co. v. Liberty Mut. Ins. Co., supra, 46 F.3d at 234-35; State Teachers Ret. Bd. v. Fluor Corp., supra, 654 F.2d at 856; Middle Atl. Utils. Co. v. S.M.W. Dev. Co., supra, 392 F.2d at 384, and, as explained below,

---

[2]Plaintiffs also claim that developments in Torres may bear on Catsimatidis's status as an employer under Title VII.  Given that individuals (other than sole proprietors) cannot be employers within the meaning of Title VII, Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir. 2000) (per curiam); see Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995) ("[A]n employer's agent may not be held individually liable under Title VII."), abrogated on other grounds by Burlington Indus., Inc. v. Ellerth, 524 U.S. 742 (1998), this contention is without merit.

14

defendants have not demonstrated any prejudice, plaintiffs' delay in seeking to add Catsimatidis is not a sufficient basis to deny plaintiffs' motion.

Defendants make no specific arguments about undue delay with regard to plaintiffs' proposed additions to the injunctive relief requested.

### 2. Dilatory Purposes or Bad Faith

Apart from their arguments concerning delay, defendants offer no arguments or evidence suggesting dilatory purposes or bad faith. Because I conclude there was no undue delay, there is no basis to find plaintiffs acted with dilatory purposes or bad faith.

### 3. Prejudice

Defendants next argue that the motion should be denied because they would be prejudiced by the proposed amendments.

To determine whether a party will be prejudiced by a proposed amended pleading, courts "generally consider whether the assertion of the new claim or defense would '(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.'" Monahan v.

15

New York City Dep't of Corrs., 214 F.3d 275, 284 (2d Cir. 2000),

quoting Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir.

1993).  Courts also consider the extent to which the new claims

are related to the existing ones and whether a party has had

prior notice of a proposed new claim.  See Monahan v. New York

City Dep't of Corrs., supra, 214 F.3d at 284; Hanlin v.

Mitchelson, 794 F.2d 834, 841 (2d Cir. 1986); State Teachers Ret.

Bd. v. Fluor Corp., supra, 654 F.2d at 856.

        a.  Additional Resources

        Defendants assert that plaintiffs' proposed amendments

will prejudice them because the amendments will necessitate new

discovery and require that class discovery be re-opened (Defs.'

Mem. in Opp. at 1, 6).  They claim the amendments will require

them to engage in written discovery on Sewer's individual claims

and the claims against Catsimatidis, to depose Sewer again

regarding her individual and class claims and her qualifications

to serve as a class representative and to depose plaintiffs

Duling and Anderson again regarding the new requests for injunc-

tive relief (Defs.' Mem. in Opp. at 6).  Plaintiffs assert that

defendants have already conducted some discovery regarding Sewer

and note that both the February 13, 2009 and March 19, 2009

Scheduling Orders provide for a ninety-day period in which to

conduct non-expert discovery after the Court's decision on class

16

certification and gives defendants the opportunity to conduct
further discovery on Sewer's individual claims[3] (Pls.' Mem. in
Support at 6, 6 n.2; Pls.' Mem. in Further Support at 5).
Plaintiffs state that they are willing to produce Sewer for
another deposition (Pls.' Mem. in Support at 7).  They also
assert that defendants are already in possession of the pertinent
information regarding Catsimatidis, and claim that "extensive
discovery" on Catsimatidis and his role at Gristede's has already
occurred in the <u>Torres</u> case (Pls.' Mem. in Support at 8).

        The additional discovery plaintiffs' proposed
amendments will require is not as burdensome as defendants
suggest.  Defendants have already questioned Sewer about the
subject matter of her individual claims in her initial
deposition.  <u>See</u> <u>State Teachers Ret. Bd. v. Fluor Corp.</u>, <u>supra</u>,
654 F.2d at 856 (proposed amendment not prejudicial where the
relevant parties had already been deposed, the new claim was
related to the original claims, and the new claim was an object
of prior discovery; additional discovery required would be
minimal).  The relatively minor amount of further deposition or
written discovery that defendants may need to conduct regarding
these claims should be easily completed within the time the
Scheduling Order allows for discovery (<u>see</u> Mar. 19 Order).  The

---

        [3]Plaintiffs cite the February 13, 2009 Scheduling Order, but
the superceding Order entered on March 19, 2009 provides for the
same ninety-day discovery period.

claims against Catsimatidis are identical to the claims against the other defendants and, given Catsimatidis's relationship to the existing defendants, it is unlikely that defendants will require substantial additional discovery concerning Catsimatidis. To the extent defendants anticipate a dispute concerning Catsimatidis's liability as an "employer," the relevant information should already be in their possession. And it seems unlikely that defendants would have a genuine need to re-depose plaintiffs Duling and Anderson in conjunction with the new injunctive relief requested because defendants did not ask Duling or Anderson any questions regarding the initially requested injunctive relief in their original depositions (Pls.' Mem. in Further Support at 10 n.5; Declaration of Cara E. Greene, dated April 7, 2009, attached to Pls.' Mem. in Further Support ("Greene Decl.") ¶ 3).[4]

In support of their claim of prejudice resulting from the prospect of additional discovery, defendants rely on In re American Int'l. Group, Inc. Sec. Litig., 04 Civ. 8141 (JES), 2008 WL 2795141 at *3 (S.D.N.Y. July 18, 2008), in which the late Honorable John E. Sprizzo, United States District Judge, held

---

[4]To the extent plaintiffs are now seeking different injunctive relief, it does not appear that an amended pleading is even necessary. See Fed.R.Civ.P. 54(c) (except where judgment is granted on default, "[e]very . . . final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings.").

that the new discovery plaintiff's proposed amendment would
require was sufficiently burdensome to be unduly prejudicial.  In
that case, however, over four million pages of documents had
already been exchanged in discovery at the time the motion to
amend was made, the amendment would have expanded the relevant
time period by three years and added an entirely new theory of
relief, and even the initial step of identifying the individuals
involved in the new claim would have necessitated "a large amount
of document production."  In re American Int'l Group, Inc. Sec.
Litig., supra, 2008 WL 2795141 at *2-*3.  The additional
discovery plaintiffs' proposed amendments would require here is
far more modest.

        In any case, the need for new discovery is not
sufficient to constitute undue prejudice on its own.  United
States v. Cont'l Ill. Nat'l Bank & Trust Co., 889 F.2d 1248, 1255
(2d Cir. 1989); Middle Atl. Utils. Co. v. S.M.W. Dev. Corp.,
supra, 392 F.2d at 386 (2d Cir. 1968); Town of New Windsor v.
Tesa Tuck, Inc., supra, 919 F. Supp. at 679; St. Paul Fire &
Marine Ins. Co. v. Heath Fielding Ins. Broking Ltd., 91 Civ. 0748
(MJL), 1996 WL 19028 at *7 (S.D.N.Y. Jan. 17, 1996) (Lowe, D.J.);
see S.S. Silberblatt, Inc. v. East Harlem Pilot Block--Building 1
Hous. Dev. Fund Co., Inc., 608 F.2d 28, 43 (2d Cir. 1979).  The
prejudice that would flow from any additional required discovery
can generally be mitigated by adjustments to the discovery

schedule.  Middle Atl. Utils. Co. v. S.M.W. Dev. Corp., supra,
392 F.2d at 386 ("The burden of further discovery and motions is
not a satisfactory basis to deny the motion to amend.  Such
procedural aspects can be regulated and controlled by the trial
court."); St. Paul Fire & Marine Ins. Co. v. Heath Fielding Ins.
Broking Ltd., supra, 1996 WL 19028 at *7; Russell v. Hilton Int'l
of Puerto Rico, Inc., 93 Civ. 2552 (KMW), 1995 WL 234886 at *1
(S.D.N.Y. Apr. 20, 1995) (Wood, D.J.); see Bankers Trust Co. v.
Weinick, Sanders & Co., supra, 1993 WL 478124 at *8.  Here, if
the time allotment in the current Scheduling Order is
insufficient to accommodate defendants' additional discovery
needs, I can alleviate any hardship through further adjustments
to the schedule.

        Defendants assert that if plaintiffs' proposed amend-
ments are permitted, they will need to make dispositive motions
on one or more of Sewer's claims and re-brief the issue of class
certification in addition to conducting new discovery (Defs.'
Mem. in Opp. at 6).  However, the fact that an amendment will
require a party to invest additional resources in litigation is
not sufficient grounds for its denial.  Middle Atl. Utils. Co. v.
S.M.W. Dev. Corp., supra, 392 F.2d at 386
("Defendant . . . argues that the allowance of the amendment will
necessitate further discovery, motions, etc., and that all these
would be expensive and time-consuming. . . .  The burden of

further discovery and motions is not a satisfactory basis to deny the motion to amend."); see United States v. Int'l Bus. Mach. Corp., 66 F.R.D. 223, 231 (S.D.N.Y. 1975) (Edelstein, D.J.).  It is not unusual in litigation for a motion to be re-briefed, or a new motion to be submitted, in response to later developments. In the context of leave to amend a pleading, any inefficiency these practices create may be outweighed by other concerns.  See Block v. First Blood Assocs., supra, 988 F.2d at 351 ("the time, effort and money [the movant's adversary already] expended in litigating th[e] matter . . . do not arise to . . . 'substantial prejudice'").  But see McCarthy v. Dun & Bradstreet Corp., supra, 482 F.3d at 200-02 (upholding denial of leave to amend where new claim was raised after defendants had moved for summary judgment based on the previous complaint).

        Moreover, denying plaintiffs' motion will not cause Sewer's claims to evaporate.  If Sewer is not permitted to assert her claims in this action, she will, in all probability, simply assert them in an independent action.  The inefficiencies that would result from two independent actions is far greater than any inefficiency that would result from permitting the amendment.

        Thus, the additional resources defendants may have to expend as a result of plaintiffs' amendments do not justify denying leave to amend on grounds of prejudice.

b.    Delay of Resolution
of Dispute

It does not seem likely that the additional discovery the amendments would require would take more than the ninety days provided for non-expert discovery in the Scheduling Order (see Mar. 19 Order).  The only delay not already contemplated by the schedule that the amendments are likely to create is that caused by the need to submit supplemental briefs on the issue of class certification.  However, as discussed above, the need to supplement the briefing of a motion is generally not enough to constitute prejudice.  See Block v. First Blood Assocs., supra, 988 F.2d at 351; Middle Atl. Utils. Co. v. S.M.W. Dev. Corp., supra, 392 F.2d at 386; United States v. Int'l Bus. Mach. Corp., supra, 66 F.R.D. at 231.

c.    Relatedness and
Unfair Surprise

Defendants next assert that the claims plaintiffs seek to add on behalf of Sewer "are not germane to this class action" (Defs.' Mem. in Opp. at 7) and that Sewer's claims arise from a different transaction or occurrence than the class claims (Defs.' Mem. in Opp. at 8).  In contrast, plaintiffs state that Sewer "assert[s] claims that are identical to, or a subset of, those claims made by the original plaintiff[s] . . ., and . . . those claims arise from the very same incident[s]" (Pls.' Mem. in

22

Support at 6, quoting Junior Gallery v. Neptune Orient Line, Ltd., 94 Civ. 4518 (DC), 1997 WL 26293 at *5 (S.D.N.Y. Jan. 22, 1997) (Chin, D.J.).

Sewer's individual claims are for interference with her FMLA rights as a result of defendants' alleged failure to restore her to an equivalent position after her maternity leave and for gender and pregnancy discrimination under the New York City Human Rights Law, New York City Administrative Code Section 8-107(1) (Sec. Am. Compl. ¶¶ 132-38). Specifically, plaintiffs' proposed amended complaint alleges that Sewer took FLMA leave to give birth to her son, and that when she returned, Gristede's reassigned her to a cashier position instead of the receptionist position she previously held (Sec. Am. Compl. ¶¶ 97-100). This position, plaintiffs allege, did not have the same duties, responsibilities, or status as the receptionist position and accordingly, they allege, is reasonably viewed as a demotion (Sec. Am. Compl. ¶¶ 101-05). Plaintiffs state that in addition to her individual claims, Sewer joins in the class claims "related to initial job placement, compensation, and promotion" (Pls.' Mem. in Further Support at 6, 9). They emphasize the allegations in the proposed amended complaint that Sewer was initially hired into a cashier position, that she was denied promotion opportunities on the basis of her sex and that she was once again working in a cashier position when she left Gristede's

23

(Pls.' Mem. in Further Support at 6; <u>see</u> Sec. Am. Compl. ¶¶ 96, 108).

The class claims include claims of disparate treatment on the basis of gender in violation of Title VII, the NYSHRL and the NYCHRL (Sec. Am. Compl. ¶¶ 111-14, 118-21, 125-28). Plaintiffs' allege, as to the entire class, that defendants channel women into certain less desirable positions, one of which is cashier (Sec. Am. Compl. ¶¶ 69-81), and the specific allegations of the two currently named plaintiffs include the contention that Gristede's channeled women into cashier positions based on gender (Sec. Am. Compl. ¶¶ 82-95).

Sewer's individual claims overlap with the class claims because both Sewer individually and the members of the putative class make a claim for gender discrimination under the NYCHRL (Sec. Am. Comp. ¶¶ 125-28, 136-38). Although there are some differences between Sewer's claims and the class claims -- Sewer was a receptionist before taking leave, Sewer alleges pregnancy discrimination in addition to gender discrimination under the NYCHRL and Sewer states an FLMA restoration rights claim -- these differences do not make her individual claims so different from the class claims that they should not be added to the complaint at this point. Further, as Congress recognized in its explanation of the purposes underlying the Family and Medical Leave Act, pregnancy discrimination and sex discrimination are

24

related.  29 U.S.C. § 2601(b)(4)-(5) (2009) (explaining that the purposes of the FMLA include preventing discrimination on the basis of sex "by ensuring generally that leave is available for eligible medical reasons (including maternity-related disability)" and promoting equal employment opportunity for women and men).

Addition of the new claims will not prejudice defendants because the proposed claims are "related closely to the original claim[s]." State Teachers Ret. Bd. v. Fluor Corp., supra, 654 F.2d at 856.[5]  The fact that a proposed amendment would add new issues is normally not prejudicial unless the opposing party would be confronted with some unique difficulty in defending against the new issues.  Lerman v. Chuckleberry Pub., Inc., 544 F. Supp. 966, 968 (S.D.N.Y. 1982) (Werker, D.J.) (An amendment should not be denied simply because it "may add another issue to the case," absent "some undue disadvantage in the presentation of a defense to the claims sought to be asserted."), rev'd on other grounds sub nom., Lerman v. Flynt Distrib. Co.,

---

[5]Where, as here, the original and proposed claims are interrelated, it also serves judicial efficiency to permit them to be brought in the same action.  See New York v. Solvent Chemical Co., Inc., 179 F.R.D. 90, 99 (W.D.N.Y. 1998) ("[T]he many shared aspects [of the claims] warrant hearing them in the same action.  [The defendant] will have to defend the [proposed] claim regardless of the outcome of this motion.  Because of the overlap of the issues in the two claims, the interests of judicial economy will best be achieved by hearing both claims in the same case.").

Inc., 745 F.2d 123 (2d Cir. 1984); see Foster Wheeler Corp. v. Babcock & Wilcox Co., 440 F. Supp. 897, 901-02 (S.D.N.Y. 1977) (Conner, D.J.) (no prejudice would result from allowing the proposed amendment despite the fact that it would "add an entirely new cause of action" and "inject a host of entirely new issues"); cf. In re American Int'l Group, Inc. Sec. Litig., 04 Civ. 8141 (JES), 2008 WL 2795141 at *2 (S.D.N.Y. 2008) (Sprizzo, D.J.) (denying leave to amend where the proposed amendments and the then-current complaint "concern[ed] different time periods, different divisions of the company, different management, different alleged objectives, different disclosures, and different shareholders").  Defendants have not asserted any reason why the new claims would materially add to the burden of defending this action.  Nor, as discussed above, does the timing of the addition of new claims result in prejudice sufficient to preclude them from being added.  Compare McCarthy v. Dun & Bradstreet Corp., supra, 482 F.3d at 200, 201-02 (District Court did not abuse its discretion in denying leave to add an "entirely new claim" after discovery had been completed and after the opposing party had moved for summary judgment).

        Defendants also object to plaintiffs' proposed additional claims on the ground of "unfair surprise," claiming that before plaintiffs moved to amend the complaint defendants were not aware that any plaintiff sought to bring pregnancy

discrimination or FMLA claims (Defs.' Mem. in Opp. at 9) and that nothing had put them on notice of these new claims (Defs.' Mem. in Opp. at 2).

Courts "will be . . . hesitant to allow amendment where doing so unfairly surprises the non-movant and impedes the fair prosecution of the claim," but will allow amendment where the opposing party "had knowledge of the facts giving rise to the [new claim or defense]." Monahan v. New York City Dept. of Corr., supra, 214 F.3d at 284.

Gristede's has always known that when Sewer returned from her maternity leave it reassigned her to a cashier position instead of the receptionist position she had previously occupied. Thus, defendants clearly "had knowledge of the facts giving rise to" the proposed claims. Monahan v. New York City Dept. of Corr., supra, 214 F.3d at 284. In addition, Sewer had been a member of the putative class from the beginning of the litigation and had been identified and deposed by defendants on January 22, 2009, before plaintiffs proposed these amendments (Sewer Decl. Apr. 7, 2009 ¶ 5; Pls.' Mem. in Support at 6). In her responses to defendants' questions during her deposition, Sewer described the facts underlying her FMLA and pregnancy discrimination claims in some detail (Tr. of Dep. of Lakeya Sewer, Jan. 22, 2009 ("Sewer Dep. Tr.") 31:16-33:6). See State Teachers Ret. Bd. v. Fluor Corp., supra, 654 F.2d at 856 (2d Cir. 1981) (leave to

amend appropriate where "[t]he amended claim was obviously one of
the objects of discovery").  Sewer had also described the alleged
post-leave demotion in the declaration she submitted in support
of plaintiffs' motion on class certification which was served
several months prior to the instant motion (Pls.' Mem. in Further
Support at 5; Declaration of Lakeya Sewer, dated August 11, 2008,
attached to Pls.' Mem. in Further Support as Ex. 3 ("Sewer Decl.
Aug. 11 2008") ¶¶ 3, 13).  Accordingly, defendants were on notice
of the facts underlying Sewer's individual claims prior to this
motion and cannot colorably claim prejudice due to unfair
surprise.

    4.  <u>Futility</u>

      Finally, defendants argue that plaintiffs' motion
should be denied because their amendments would be futile.

      Generally, proposed amendment is considered futile when
it fails to state a claim.  <u>Health-Chem Corp. v. Baker</u>, 915 F.2d
805, 810 (2d Cir. 1990); <u>Mina Inv. Holdings Ltd. v. Lefkowitz</u>,
184 F.R.D. 245, 257 (S.D.N.Y. 1999) (Sweet, D.J.); <u>Parker v. Sony
Pictures Entm't, Inc.</u>, 19 F. Supp. 2d 141, 156 (S.D.N.Y. 1998)
(Kaplan, D.J.), <u>aff'd</u> <u>in</u> <u>pertinent</u> <u>part</u>, <u>vacated</u> <u>in</u> <u>part</u> <u>on</u> <u>other</u>
<u>grounds</u> <u>sub</u> <u>nom</u>., <u>Parker v. Columbia Pictures Indus.</u>, 204 F.3d
326 (2d Cir. 2000); <u>Yaba v. Cadwalader, Wickersham & Taft</u>, 931 F.
Supp. 271, 274 (S.D.N.Y. 1996) (Koeltl, D.J.); <u>Prudential Ins.</u>

Co. v. BMC Indus., Inc., 655 F. Supp. 710, 711 (S.D.N.Y. 1987) (Sweet, D.J.); see generally Dluhos v. Floating & Abandoned Vessel known as "New York", supra, 162 F.3d at 69-70. Defendants do not contend that plaintiffs' proposed amendments are futile because they fail to state a claim. Rather, the dispute concerns whether the amendments would accomplish plaintiffs' admitted goal of class certification (see Pls.' Mem. in Support at 3; Defs.' Mem. in Opp. at 2, 12-15; Pls.' Mem. in Further Support at 8-10). When a plaintiff seeks to amend her complaint in order to cure deficiencies in her motion for class certification, the futility inquiry focuses on whether the amendments will enhance the likelihood of class certification, rather than on whether they state a claim.[6] See Orthocraft, Inc. v. Sprint Spectrum L.P., 98

---

[6]Although a court focuses on whether the amendment will enhance the likelihood of class certification when class certification is the basis for the amendment, judges in the Eastern and Southern Districts of New York have found that "the court may limit its inquiry into the class action requirements at the amendment stage when certification will occur at a later time." Presser v. Key Food Stores Co-op., Inc., 218 F.R.D. 53, 57 (E.D.N.Y. 2003); see also Pierre v. JC Penney Co., Inc., supra, 2006 WL 407553 at *6; Acad. of Ambulatory Foot Surgery v. American Podiatry Ass'n, 516 F. Supp. 378, 382-83 (S.D.N.Y. 1981) (Motley, D.J.). This is because the parties' arguments regarding class certification may be "more appropriately addressed in the context of [the] motion[] to certify the proposed class[]." Acad. of Ambulatory Foot Surgery v. American Podiatry Ass'n, supra, 516 F. Supp. at 383; see also Pierre v. JC Penney Co., Inc., supra, 2006 WL 407553 at *6 n.11 ("[I]t may be more appropriate to grant leave to amend and address the class certification arguments on a motion for class certification."); Presser v. Key Food Stores Co-op., Inc., supra, 218 F.R.D. at 56-57 ("Where . . . the defendant's opposition to the amendment
(continued...)

CV 5007 (SJ), 2002 WL 31640477 at *2 (E.D.N.Y. Nov. 16, 2002)
(Where "Plaintiff has acknowledged that the primary purpose in
amending its Complaint . . . is to attempt to overcome the
deficiencies that led to the denial of its initial motion for
class certification . . . the relevant inquiry is whether the
proposed amendments would allow Plaintiff to prevail on
a . . . motion for class certification."); Pierre v. JC Penney
Co., Inc., No. 03-4782, 2006 WL 407553 at *6 (E.D.N.Y. Feb. 21,
2006) ("[T]he court's role on a motion to amend[, where the
purpose of the proposed amendment is to achieve class
certification,] is to determine 'the likelihood that [the]
proposed class will be certified.'"); Feldman v. Lifton, 64
F.R.D. 539, 543 (S.D.N.Y. 1974) (Carter, D.J.) (amendment
changing the proposed class would be futile, and so leave to
amend should be denied, where "the proposed amendment would, on
its face, violate class action requirements").  "[I]f after
viewing the amendment in the light most favorable to the
plaintiff, the court finds the proposed class cannot be certified
under Rule 23, leave to amend will be denied." Pierre v. JC
Penney Co., Inc., supra, 2006 WL 407553 at *6; see also Presser
v. Key Food Stores Co-op., Inc., 218 F.R.D. 53, 56 (E.D.N.Y.

---

      [6](...continued)
involves not-yet-certified classes, allowing the amendment is
appropriate.").

        I do not so limit my inquiry here.

2003) ("If Plaintiff's proposed class cannot be certified, leave to amend should be denied.").

Defendants claim the proposed addition of Sewer as a named plaintiff and the proposed additions to the request for injunctive relief would be futile because the class could not be certified under the resulting amended complaint (Defs.' Mem. in Opp. at 2, 12-15). Plaintiffs seek class certification under Rule 23(b)(2) (Pls.' Mem. in Support of Certification at 2, 22-25), which requires them to show, in addition to numerosity, commonality, typicality and adequacy, that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed.R.Civ.P. 23(a), (b)(2).

Defendants claim that Sewer's addition as a named plaintiff will be futile because she will not satisfy the typicality and adequacy elements of Rule 23(a), which defendants assert the currently named plaintiffs also fail to satisfy (Defs.' Mem. in Opp. at 2, 12-13). To establish typicality, plaintiffs must show that "the claims . . . of the representative parties are typical of the claims . . . of the class," Fed.R.Civ.P. 23(a)(3), meaning that "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's

liability." In re Drexel Burnham Lambert Group, Inc., 960 F.2d
285, 291 (2d Cir. 1992); Robinson v. Metro-North Commuter R.R.
Co., 267 F.3d 147, 155 (2d Cir. 2001); Marisol A. v. Giuliani,
126 F.3d 372, 376 (2d Cir. 1997); In re Telik, Inc. Sec. Litig.,
576 F. Supp. 2d 570, 582 (S.D.N.Y. 2008) (McMahon, D.J.).  The
adequacy element requires that "the representative parties will
fairly and adequately protect the interests of the class."
Fed.R.Civ.P. 23(a)(4).  To be adequate, "[r]epresentatives must
be part of the class and possess the same interest and suffer the
same injury as the class members," Amchem Prods., Inc. v.
Windsor, 521 U.S. 591, 594-95 (1997), and must not have interests
that are antagonistic to other class members' interests.  Denney
v. Deutsche Bank AG, 443 F.3d 253, 268 (2d Cir. 2006); Baffa v.
Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 60 (2d Cir.
2000).

        Defendants claim that Sewer cannot satisfy typicality
because her individual pregnancy discrimination and FMLA claims
are not shared by the class (Defs.' Mem. in Opp. at 2, 12).
Similarly, they argue that Sewer is not adequate as a
representative because her claims "are not common to or typical
of the claims of the other class members" (Defs.' Mem. in Opp. at
12-13).  Defendants' argument overlooks the full breadth of
Sewer's claims.  Although plaintiffs do propose adding non-class
claims on behalf of Sewer that are distinct in part from the

class claims (Sec. Am. Compl. ¶¶ 132-38), Sewer also asserts
claims common to the class arising out of defendants' alleged
treatment of her before she took leave (Pls.' Mem. in Further
Support at 6, 9).  Her assertion of individual claims that are
unique to her but closely related to the class claims would not
necessarily defeat certification.  See Rossini v. Ogilvy &
Mather, Inc., 798 F.2d 590, 597-98 (2d Cir. 1986) (district court
abused discretion by decertifying a class on typicality grounds
where class members claimed they were denied opportunity for
advancement based on their gender and class representative
brought an individual claim alleging discriminatory denial of
transfers, because alleged discrimination took place "in the same
general fashion").  Nor does Sewer have interests antagonistic to
those of other class members.  Although the merits of the class
certification question are best resolved in the context of the
certification motion itself and I express no opinion on whether
certification is appropriate, viewing the amendments in the light
most favorable to plaintiffs I cannot find that "the proposed
class cannot be certified under Rule 23" if Sewer is added as a
plaintiff.  Pierre v. JC Penney Co., Inc., supra, 2006 WL 407553
at *6 (emphasis added); see also Presser v. Key Food Stores
Co-op., Inc., supra, 218 F.R.D. at 56 ("If Plaintiff's proposed
class cannot be certified, leave to amend should be denied.").

Accordingly, the proposed additions of Sewer and her individual claims are not futile.

Defendants do not assert that plaintiffs should be precluded from adding Catsimatidis as a defendant on grounds of futility.

Defendants claim that plaintiffs' proposed requests for additional forms of injunctive relief are futile because even with the additions, they claim, the complaint would not satisfy Rule 23(b)(2)'s requirement that injunctive relief predominate over monetary relief. Fed.R.Civ.P. 23(b)(2), Advisory Committee Note (1966) (noting that certification under 23(b)(2) is pre-cluded in cases where "the appropriate final relief relates exclusively or predominantly to money damages"); see Parker v. Time Warner Entm't Co., L.P., 331 F.3d 13, 18 (2d Cir. 2003). To determine which type of relief predominates, courts conduct "an ad hoc balancing that will vary from case to case." Robinson v. Metro-North Commuter R.R., 267 F.3d 147, 164 (2d Cir. 2001); Wright v. Stern, 01 Civ. 4437 (DC), 2003 WL 21543539 at *8 (S.D.N.Y. July 9, 2003) (Chin, D.J.). Defendants assert that the relief plaintiffs are seeking, even under the proposed amendments, is predominantly monetary and that the proposed additions fail to tip the balance sufficiently toward injunctive relief (Defs.' Mem. in Opp. at 15). They state that plaintiffs request damages of $300,000 per class member, which is the

34

maximum amount of compensatory and punitive damages available under Title VII, and that this request would predominate over the injunctive relief requested even if plaintiffs' proposed amendments were added (Defs.' Mem. in Opp. at 15). Plaintiffs deny that they have ever requested $300,000 per class member (Pls.' Mem. in Further Support at 10). The current complaint and the proposed amended complaint both contain requests for compensatory and punitive damages, but neither specifies an amount (First Am. Compl. ¶¶ (g)-(h); Sec. Am. Compl. (l)-(m)). Although I reserve a full application of the ad hoc balancing test for the determination of the class certification motion, I cannot conclude at this point that the relief sought in the proposed complaint would "relate[] exclusively or predominantly to money damages." Fed.R.Civ.P. 23(b)(2), Advisory Committee Note (1966). Plaintiffs' proposed amended complaint seeks substantial injunctive relief including that the institution of policies, practices, and programs to ensure equal employment opportunities for both genders, the implementation of objective standards for promotion, assignment, and compensation, the placement of class members in rightful positions and the appointment of a monitor to ensure compliance. Accordingly, the proposed additions to the request for injunctive relief are not futile.

Defendants also claim that the new requests for injunctive relief are futile because Gristede's has not acted pursuant to a specific policy or in a way generally applicable to the class.  If established, this contention would also preclude plaintiffs from satisfying Rule 23(b) because it would mean injunctive or declaratory relief was not appropriate for the entire class (see Defs.' Mem. in Opp. at 14).  This argument, however, is not persuasive because it attempts to controvert the allegations in the proposed amended pleading, which must be accepted as true at this stage of the proceeding.  Aetna Cas. & Sur. Co. v. Aniero Concrete Co., supra, 404 F.3d at 604.

C.  Summary

Plaintiffs' motion to amend was not delayed unduly, nor was it made with dilatory purposes or in bad faith.  The proposed amendments would not prejudice defendants to the extent that would warrant denying leave to amend -- either by requiring them to expend significant additional resources, by delaying resolution of the dispute or by adding unrelated claims or claims that would unfairly surprise defendants.  Finally, none of the proposed amendments would be futile.  Thus, none of the reasons to deny leave to amend are present.  Plaintiffs are directed to serve and file their second amended complaint within twenty (20) days of the date of this Order.

36

IV.  Conclusion

      Accordingly, for all the foregoing reasons, plaintiffs'
motion for leave to file an amended complaint is granted.

Dated:  New York, New York
        January 8, 2010

                  SO ORDERED

                  HENRY PITMAN
                  United States Magistrate Judge

Copies transmitted to:

Adam T. Klein, Esq.
Justin M. Swartz, Esq.
Lewis M. Steel, Esq.
Cara E. Greene, Esq.
Outten & Golden, LLP
29th Floor
3 Park Avenue
New York, New York 10016

Kevin J. Nash, Esq.
Joseph Ted Donovan, Esq.
Finkel Goldstein Rosenbloom & Nash LLP
Ste. 711
26 Broadway
New York, New York 10004

Michael J. Puma, Esq.
Morgan, Lewis and Bockius LLP
1701 Market Street
Philadelphia, Pennsylvania 19103

Amber L. Kagan, Esq.
Morgan, Lewis and Bockius LLP
101 Park Avenue
New York, New York 10178