# Exhibit A

OUTTEN & GOLDEN LLP
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Lewis M. Steel (LS 4463)
Cara E. Greene (CG 0722)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Fax: (212) 977-4005

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



———————————————————————

SUSAN DULING, MARGARET ANDERSON, and
LAKEYA SEWER, on behalf of themselves
and all others similarly situated,

                          Plaintiffs,


              -against-                                    **JURY TRIAL DEMANDED**


GRISTEDE'S OPERATING CORP.; RED APPLE       **06 Civ. 10197 (LTS)(HBP)**
GROUP, INC., D/B/A/ GRISTEDE'S; GRISTEDE'S
FOOD INC.; GRISTEDE'S DELIVERY SERVICE,
INC.; GRISTEDE'S FOODS NY, INC.; GRISTEDE'S
NY, LLC; NAMDOR, INC.; and JOHN CATSIMATIDIS,

                          Defendants.

———————————————————————

        Plaintiffs Susan Duling ("Duling"), Margaret Anderson ("Anderson"), and Lakeya Sewer

("Sewer") (collectively "Plaintiffs"), by their attorneys Outten and Golden LLP, allege, upon

personal knowledge as to themselves and upon information and belief as to other matters, as

follows:

## NATURE OF THE CASE

        1.      Defendants Gristede's Operating Corp.; Red Apple Group, d/b/a/ Gristede's;

Gristede's Foods, Inc.; Gristede's Delivery Service Inc.; Gristede's Foods NY, Inc.; Gristede's

NY, LLC; and Namdor, Inc. (collectively, with John Catsimatidis, "Defendants" or "Gristede's")

are a retail grocery chain of over 50 stores operating in New York City, Westchester County, and Long Island, New York, under the banner "Gristede's." John Catsimatidis is the President, owner, Chairman of the Board of Directors, and Chief Executive Officer ("CEO") of Gristede's. Gristede's has systematically discriminated against women on the basis of their gender in job placement, compensation, promotion, and other terms and conditions of employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"); the New York State Human Rights Law, New York Executive Law § 296 *et seq.* ("NYSHRL"); and the New York City Human Rights Law, New York City Administrative Code §§ 8-101 *et seq.* ("NYCHRL").

2.      The violations are systemic, constituting a pattern or practice of gender discrimination that pervades the corporate culture of Gristede's. They are not isolated or exceptional incidents, but rather the regular and predictable result of Defendants' company-wide policies and practices. Gristede's company-wide policies and practices with regard to placing, promoting, and compensating women have the effect, and have been undertaken with the purpose, of denying equal opportunities in the terms and conditions of employment for female employees.

3.      It is Gristede's routine policy or practice to channel women into lower-paying, part-time positions such as cashier and bookkeeper solely on the basis of their gender. Gristede's does this with complete disregard for the qualifications, capabilities, and desires of the women. In fact, many women who apply for jobs with Gristede's have been told that the only positions for which they will be considered are cashier and/or bookkeeper.

4.      In contrast, Gristede's gives men who apply for employment preferential treatment and places them in higher paying positions that are full-time or have more opportunity for extra hours, and have greater advancement potential.

5.     It is Gristede's company-wide policy or practice to promote employees through an *ad hoc* and subjective system that is inherently discriminatory. Store managers and upper management, the overwhelming majority of whom are male, simply "tap on the shoulder" the employees they want to promote. Almost uniformly, these managers offer these promotions and advancements to males.

6.     Gristede's does not post available higher-level positions and does not afford women the opportunity to apply for management or higher-level positions. Even when qualified women express a desire to be promoted to higher-level positions, Gristede's ignores them and instead promotes male employees.

7.     Gristede's systematically discriminates against women on a company-wide basis in the following ways:

> (a) with respect to job placement;
> (b) with respect to hours;
> (c) with respect to compensation;
> (d) with respect to promotion;
> (e) with respect to training and mentoring;
> (f) with respect to discipline;
> (g) with respect to other terms and conditions of employment;
> (h) by failing to implement effective EEO policies;
> (i) by creating and maintaining a discriminatory corporate culture;
> (j) by failing to implement any system for posting promotion opportunities within the company; and
> (k) by failing to provide store managers and executives with any EEO training.

8.     Accordingly, in addition to bringing this action on their own behalf, Plaintiffs also bring this action on behalf of a class of similarly situated current and former employees of Defendants ("the Class"), in order to end Gristede's discriminatory policies and/or practices and to make the plaintiff class whole.

## JURISDICTION AND VENUE

9.      This Court has original subject matter jurisdiction over the Title VII claims

pursuant to 28 U.S.C. §§ 1331 and 1343, because they arise under the laws of the United States

and are brought to recover damages for deprivation of equal rights.

10.     This Court has original jurisdiction over the NYSHRL and NYCHRL claims in

this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d).  This is a putative class

action in which: (1) there are 100 or more members in the Class; (2) at least some members of

the proposed class have a different citizenship from at least one Defendant; and (3) the claims of

the proposed class members exceed $5,000,000.00 in the aggregate.

11.     In addition, this Court has supplemental jurisdiction over the NYSHRL and

NYCHRL claims under 28 U.S.C. § 1367, because they arise from a common nucleus of

operative facts with the federal claims and are so related to the federal claims as to form part of

the same case or controversy under Article III of the United States Constitution.

12.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b)-(c) and 42

U.S.C. § 2000e-5(f)(3), because Defendants have their headquarters and offices, conduct

business, and can be found in this district, and the cause of action arose and the acts and

omissions complained of occurred herein.

13.     Plaintiffs have exhausted their administrative remedies and complied with all

statutory prerequisites to their Title VII claims.  Anderson filed a charge of discrimination with

the Equal Employment Opportunity Commission ("EEOC") on September 2, 2005.  By notice

dated September 26, 2006, the EEOC dismissed Anderson's case and issued a Notice of Right to

Sue.

14.     Contemporaneously with the filing of this Second Amended Complaint, Plaintiffs

have mailed a copy of same, along with a letter of explanation, to the New York City

Commission of Human Rights and the Office of the Corporation Counsel of the City of New York, thereby satisfying the notice requirements of § 8-502 of the New York City Administrative Code.

15.   Any and all other prerequisites to the filing of this suit have been met.

## PARTIES

### The Plaintiffs

16.   Plaintiff Duling is a woman who lives in New York County, in the State of New York.

17.   Duling is employed by Gristede's as a part-time cashier.  She has held this position since approximately August 2003.

18.   Plaintiff Anderson is a woman who lives in Bronx County, in the State of New York.

19.   Anderson was employed by Gristede's as a part-time cashier from approximately November 2004 through December 2004.

20.   Plaintiff Sewer is a woman who lives in Bronx County, in the State of New York.

21.   Sewer was employed by Red Apple Group to work in its corporate office in approximately 1996.

22.   Sewer was employed full-time by Gristede's from approximately February 2002 until approximately September 2006 as a receptionist and cashier.

### Defendant Gristede's Operating Corp.

23.   Upon information and belief, Defendant Gristede's Operating Corp. is a domestic corporation doing business within the City and County of New York, and maintains corporate headquarters within the City and County of New York at 823 Eleventh Avenue, New York, NY 10019.

24.     Upon information and belief, Defendant Gristede's Operating Corp. maintains control, oversight, and direction over the operation of its facilities, including its employment practices.

25.     During relevant times, Defendant Gristede's Operating Corp. was Plaintiffs' employer within the meaning of all applicable statutes.

26.     On information and belief, at all times pertinent hereto, Defendant Gristede's Operating Corp. has employed more than fifty people.

**Defendant Red Apple Group, Inc., d/b/a/ Gristede's**

27.     Upon information and belief, Defendant Red Apple Group, Inc. is a domestic corporation doing business within the City and County of New York, and maintains corporate headquarters within the City and County of New York at 823 Eleventh Avenue, New York, NY 10019.

28.     Upon information and belief, Defendant Red Apple Group, Inc. maintains control, oversight, and direction over the operation of its facilities, including its employment practices.

29.     During relevant times, Defendant Red Apple Group, Inc. was Plaintiffs' employer within the meaning of all applicable statutes.

30.     On information and belief, at all times pertinent hereto, Defendant Red Apple Group, Inc. has employed more than fifty people.

**Defendant Gristede's Foods, Inc.**

31.     Upon information and belief, Defendant Gristede's Foods, Inc. is a Delaware corporation doing business within the City and County of New York, and maintains offices within the City and County of New York at 823 Eleventh Avenue, New York, NY 10019.

32.     Upon information and belief, Defendant Gristede's Foods, Inc. maintains control, oversight, and direction over the operation of its facilities, including its employment practices.

33.     During relevant times, Defendant Gristede's Foods, Inc. was Plaintiffs' employer within the meaning of all applicable statutes.

34.     On information and belief, at all times pertinent hereto, Defendant Gristede's Foods, Inc. has employed more than fifty people.

### Defendant Gristede's Delivery Services, Inc.

35.     Upon information and belief, Defendant Gristede's Delivery Services, Inc. is a domestic corporation doing business within the City and County of New York, and maintains corporate headquarters within the City and County of New York at 823 Eleventh Avenue, New York, NY 10019.

36.     Upon information and belief, Defendant Gristede's Delivery Services, Inc. maintains control, oversight, and direction over the operation of its facilities, including its employment practices.

37.     During relevant times, Defendant Gristede's Delivery Services, Inc. was Plaintiffs' employer within the meaning of all applicable statutes.

38.     On information and belief, at all times pertinent hereto, Defendant Gristede's Delivery Services, Inc. has employed more than fifty people.

### Defendant Gristede's Foods NY, Inc.

39.     Upon information and belief, Defendant Gristede's Foods NY, Inc. is a domestic corporation doing business within the City and County of New York, and maintains corporate headquarters within the City and County of New York at 823 Eleventh Avenue, New York, NY 10019.

40.     Upon information and belief, Defendant Gristede's Foods NY, Inc. maintains control, oversight, and direction over the operation of its facilities, including its employment practices.

41.    During relevant times, Defendant Gristede's Foods NY, Inc. was Plaintiffs' employer within the meaning of all applicable statutes.

42.    On information and belief, at all times pertinent hereto, Defendant Gristede's Foods NY, Inc. has employed more than fifty people.

### Defendant Gristede's NY, LLC

43.    Upon information and belief, Defendant Gristede's NY, LLC is a domestic limited liability company doing business within the City and County of New York, and maintains its headquarters within the City and County of New York at 823 Eleventh Avenue, New York, NY 10019.

44.    Upon information and belief, Defendant Gristede's NY, LLC maintains control, oversight, and direction over the operation of its facilities, including its employment practices.

45.    During relevant times, Defendant Gristede's NY, LLC was Plaintiffs' employer within the meaning of all applicable statutes.

46.    On information and belief, at all times pertinent hereto, Defendant Gristede's NY, LLC has employed more than fifty people.

### Defendant Namdor, Inc.

47.    Upon information and belief, Defendant Namdor, Inc. is a domestic corporation doing business within the City and County of New York, and maintains corporate headquarters within the City and County of New York at 823 Eleventh Avenue, New York, NY 10019.

48.    Upon information and belief, Defendant Namdor, Inc. maintains control, oversight, and direction over the operation of its facilities, including its employment practices.

49.    During relevant times, Defendant Namdor, Inc. was Plaintiffs' employer within the meaning of all applicable statutes.

### Defendant John Catsimatidis

50.     Upon information and belief, Defendant Catsimatidis is a resident of the State of New York.

51.     Upon information and belief, Defendant Catsimatidis maintains an office in the City of New York, County of New York, at 823 Eleventh Avenue, New York, NY 10019.

52.     During all relevant times, Defendant Catsimatidis has been the owner of Gristede's.

53.     During all relevant times, Defendant Catsimatidis has been the President of Gristede's.

54.     During all relevant times, Defendant Catsimatidis has been the CEO of Gristede's.

55.     During all relevant times, Defendant Catsimatidis has been an agent of Gristede's.

56.     During all relevant times, Defendant Catsimatidis has had power over personnel decisions at Gristede's.

57.     During all relevant times, Defendant Catsimatidis has had power over payroll decisions at Gristede's.

58.     During all relevant times, Defendant Catsimatidis has maintained control, oversight, and direction over the operation of Gristede's facilities, including its employment practices.

59.     During relevant times, Defendant Catsimatidis has been Plaintiffs' and the Class's employer within the meaning of Title VII, NYSHRL, and NYCHRL.

## CLASS ALLEGATIONS

60.     Plaintiffs bring this Class Action pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) on behalf of a Class of all past, present, and future female employees of Gristede's in the United States.  Plaintiffs reserve the right to amend the definition of the Class based on discovery or legal developments.

9

61.    Plaintiffs are members of the Class they seek to represent.

62.    The members of the Class identified herein are so numerous that joinder of all members is impracticable.  As of the filing of this Second Amended Complaint, Gristede's has approximately 800 or more female employees.  Although the precise number of female employees is currently unknown, it is far greater than can be feasibly addressed through joinder.

63.    There are questions of law and fact common to the Class, and these questions predominate over any questions affecting only individual members.  Common questions include, among others:  (1) whether Gristede's policies or practices discriminate against female employees; (2) whether Gristede's has failed to implement policies and procedures to prevent discrimination against women in the workplace; (3) whether Gristede's policies or practices violate Title VII and/or the NYSHRL and/or the NYCHRL; and (4) whether equitable remedies, injunctive relief, compensatory damages, and punitive damages for the Class are warranted.

64.    The Plaintiffs' claims are typical of the claims of the Class.

65.    The Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class.  Plaintiffs have retained counsel competent and experienced in complex class actions, employment discrimination litigation, and the intersection thereof.

66.    Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Gristede's has acted and/or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the Class as a whole. The Class members are entitled to injunctive relief to end Gristede's common, uniform, unfair and discriminatory policies and practices.

67.    Class certification is also appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because common questions of fact and law predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the

fair and efficient adjudication of this litigation.  The Class members have been damaged and are entitled to recovery as a result of Gristede's common, uniform, unfair, and discriminatory policies and practices.  Gristede's has computerized account data, payroll, and personnel data that will make calculation of damages for specific Class members relatively simple.  The propriety and amount of punitive damages are based on the conduct of the Defendants, making these issues common to the Class.

### GENERAL POLICIES OR PRACTICES OF DISCRIMINATION

68.     The denials and abridgments of employment opportunities suffered by the Plaintiffs are part of a general policy or practice of discrimination on the basis of gender in employment that has existed at Gristede's throughout the relevant time period.  These are not isolated examples of employment practices or individual decisions.  On the contrary, these incidents are representative of Gristede's systematic discrimination against female employees in favor of male employees.

69.     From the time a woman initially seeks employment with the company, Gristede's subjects her to gender-based bias and discrimination.

70.     When women apply for work at either Gristede's Headquarters or local Gristede's stores, Gristede's often tells them the only positions for which they will be considered are cashier and/or bookkeeper.

71.     When women inquire about other available positions, such as clerk, Gristede's representatives tell them that the company needs men for those positions, or otherwise indicate that such positions are not available to female applicants.

72.     As a result of these practices, Gristede's workforce is substantially segregated by gender.

73.    As a result of segregating its workforce by gender, Gristede's has created a male-dominated environment that denies women equal opportunities.

74.    Cashier and bookkeeper positions often pay less than clerk positions.

75.    Cashier and bookkeeper positions are often part-time, as opposed to the full-time status afforded many clerk positions.

76.    Gristede's gives more opportunities for extra hours to clerks than to cashiers or bookkeepers.

77.    Cashiers and bookkeepers are seldom promoted to management positions or other advanced positions within the company.

78.    Gristede's uses the proverbial "tap on the shoulder" promotion selection system. Gristede's does not post promotional opportunities or open positions.  Instead store and district managers, virtually all of whom are men, approach more junior men directly and on their own initiative about promotional opportunities.

79.    Gristede's promotional selection system is discriminatory in that it perpetuates the historical exclusion of women from management positions and it permits excessive subjectivity by store and district managers, which they exercise in a discriminatory fashion.  By entrusting these managers, virtually all of whom are men, with undue discretion in these matters, Gristede's maintains a system whereby store and district managers apply their own personal preferences and biases in making advancement decisions.  This discriminatory promotional system is a uniform practice across all Gristede's stores.

80.    Gristede's has intentionally implemented and maintained this discriminatory promotional system in order to favor male workers over female workers.

81.    Gristede's has pursued policies or practices on a continuing basis that have had the purpose and effect of denying or restricting the availability of employment opportunities,

compensation, promotions, and other favorable employment conditions to qualified females. Such discriminatory policies or practices include, without limitation:

(a)     Systematically discriminating against women by placing them in part-time, lower paying positions than their male counterparts;

(b)     Relying upon unweighted, subjective, gender-based and/or arbitrary criteria that a nearly all-male managerial workforce applies to make promotional and advancement decisions;

(c)     Failing and refusing to take reasonable and adequate steps to eliminate the effects of Defendants' past discriminatory practices;

(d)     Failing to provide women with the same quality and quantity of training and mentoring as is provided to men;

(e)     Maintaining a discriminatory and gender-biased corporate culture;

(f)     Making employment decisions based on gender; and

(g)     Making employment decisions based on gender stereotypes.

## PLAINTIFFS' FACTUAL ALLEGATIONS

### Susan Duling

82.     Plaintiff Susan Duling has been employed as a part-time cashier by Gristede's since approximately August 2003.

83.     Duling is currently employed at the Gristede's store on 64th Street and West End Avenue in New York City.  She previously worked at the Gristede's store on 76th Street and 3rd Avenue in New York City.

84.     When Gristede's first hired Duling, it intentionally steered her into the cashier position because of her gender.

85.     During the entire time she has worked at Gristede's, Duling has never seen postings of available management positions.

86.     During the entire time Duling has worked at Gristede's, her managers have never approached her about promotional opportunities within Gristede's.

87.     Duling has remained a part-time cashier during her entire tenure with Gristede's.

88.     Upon information and belief, Duling is qualified for other positions, including management-level positions.

**Margaret Anderson**

89.     Plaintiff Margaret Anderson was employed as a part-time cashier by Gristede's from approximately November 2004 through December 2004.

90.     Anderson was employed at the Gristede's store on 96th Street and Broadway in New York, New York.

91.     When Gristede's first hired Anderson, it intentionally steered her into the cashier position because of her gender.

92.     When Anderson went to Gristede's main office to apply for a position, the male who took her application told her that the position of cashier was available.

93.     Anderson asked about other available positions, especially that of stock clerk, but the man told her that Gristede's needed "big guys" for stock positions and the only position for which he would consider her was that of cashier.

94.     Gristede's did not consider Anderson for the position of stock clerk because she was a woman.

95.     Anderson remained a part-time cashier during her entire tenure with Gristede's.

**Lakeya Sewer**

14

96.    Plaintiff Lakeya Sewer was employed by Gristede's as a full-time cashier from approximately 2001 through 2002.

97.    In February 2002, Gristede's transferred Sewer to a receptionist position in Gristede's corporate office, where she worked until May 2006.

98.    In approximately 2006, Sewer took a leave under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et al*, for the birth of her son.

99.    When Sewer reported back to Gristede's following her FMLA leave, Gristede's told her that she would no longer be working in the corporate office.

100.    Instead, Gristede's reassigned Sewer to a full-time cashier position.

101.    The cashier position was not equivalent to the receptionist position.

102.    The cashier position did not have the same responsibilities as the receptionist position.

103.    The cashier position did not have the same duties as the receptionist position.

104.    The cashier position did not have the same status as the receptionist position.

105.    The cashier position reasonably is viewed as a demotion from the receptionist position.

106.    On information and belief, Gristede's knew or should have known that Plaintiff Sewer was entitled to restoration to an equivalent position under the FMLA.

107.    On information and belief, Gristede's showed reckless disregard for whether its actions towards Plaintiff Sewer were in violation of the FMLA.

108.    Sewer remained a cashier with Gristede's until approximately September 2006.

109.    As a result of Defendants' unlawful actions towards her, Plaintiff Sewer has lost pay and promotional opportunities and has experienced emotional distress and mental pain and suffering.

110.    Upon information and belief, Sewer was qualified for other positions, including management-level positions, during her tenure with Gristede's.

## CAUSES OF ACTION

**First Claim for Relief**
**Intentional Discrimination**
**(Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*)**
**(On Behalf of All Plaintiffs and the Class)**

111.    Plaintiffs incorporate by reference each allegation of each preceding paragraph.

112.    Gristede's has intentionally maintained a system that discriminates on the basis of gender with respect to job placement, compensation, promotion, and other terms and conditions of employment.

113.    Gristede's has intentionally discriminated against Plaintiffs and the Class in violation of Title VII by, among other things:

(a)    treating them in a discriminatory manner based on their gender;

(b)    denying them promotion opportunities because of their gender;

(c)    denying them other opportunities for advancement because of their gender;

(d)    denying them opportunities for increased compensation because of their gender;

(e)    providing them with less favorable compensation because of their gender;

(f)    providing disparate terms and conditions of employment because of their gender; and

(g)    failing to examine its workplace to correct gender-biased and discriminatory policies and failing to address problems of disparate treatment on the basis of gender.

114.    The foregoing conduct constitutes illegal, intentional discrimination prohibited by

42 U.S.C. §§ 2000e *et seq.*

## Second Claim for Relief
### Disparate Impact Discrimination
**(Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*)**
**(On behalf of All Plaintiffs and the Class)**

115.    Plaintiffs incorporate the preceding paragraphs as alleged above.

116.    Gristede's has maintained a system and/or policies that are discriminatory,

subjective, standardless, and/or arbitrary with respect to the assignment of employees to

employment positions, promotions, compensation, and other terms and conditions of

employment.  This system has an adverse impact on female employees and is not, and cannot be,

justified by business necessity.  Even if such system could be justified by business necessity, less

discriminatory alternatives exist and would equally serve any alleged necessity.

117.    The foregoing conduct constitutes illegal discrimination prohibited by 42 U.S.C.

§§ 2000e *et seq.*

## Third Claim for Relief
### Intentional Discrimination
**(NYSHRL, New York Executive Law § 296 *et seq.*)**
**(On Behalf of All Plaintiffs and the Class)**

118.    Plaintiffs incorporate by reference each allegation of each preceding paragraph.

119.    Gristede's has maintained a system that discriminates on the basis of gender with

respect to job placement, compensation, promotion, and other terms and conditions of

employment.

120.    Gristede's has intentionally discriminated against Plaintiffs and the Class in

violation of NYSHRL by, among other things:

      (a)  treating them in a discriminatory manner based on their gender;

      (b)  denying them promotion opportunities because of their gender;

(c) denying them other opportunities for advancement because of their gender;

(d) denying them opportunities for increased compensation because of their gender;

(e) providing them with less favorable compensation because of their gender;

(f) providing disparate terms and conditions of employment because of their gender; and

(g) failing to examine its workplace to correct gender-biased and discriminatory policies and failing to address problems of disparate treatment on the basis of gender.

121.    The foregoing conduct constitutes illegal, intentional discrimination prohibited by New York Executive Law § 296 *et seq.*

### Fourth Claim for Relief
**Disparate Impact Discrimination**
**(NYSHRL, New York Executive Law § 296 *et seq.*)**
**(On behalf of All Plaintiffs and the Class)**

122.    Plaintiffs incorporate the preceding paragraphs as alleged above.

123.    Gristede's has maintained a system and/or policies that are discriminatory, subjective, standardless, and/or arbitrary with respect to the assignment of employees to employment positions, promotions, compensation, and other terms and conditions of employment.  This system has an adverse impact on female employees and is not, and cannot be, justified by business necessity.  Even if such system could be justified by business necessity, less discriminatory alternatives exist and would equally serve any alleged necessity.

124.    The foregoing conduct constitutes illegal discrimination prohibited by New York Executive Law § 296 *et seq.*

**Fifth Claim for Relief**
**Intentional Discrimination**
**(NYCHRL, New York City Administrative Code §§ 8-101 *et seq.*)**
**(On behalf of All Plaintiffs and the Class)**

125.     Plaintiffs incorporate by reference each allegation of each preceding paragraph.

126.     Gristede's has maintained a system that discriminates on the basis of gender with respect to job placement, compensation, promotion, and other terms and conditions of employment.

127.     Gristede's has intentionally discriminated against Plaintiffs and the Class in violation of the NYCHRL by, among other things:

    (a)     treating them in a discriminatory manner based on their gender;

    (b)     denying them promotion opportunities because of their gender;

    (c)     denying them other opportunities for advancement because of their gender;

    (d)     denying them opportunities for increased compensation because of their gender;

    (e)     providing them with less favorable compensation because of their gender;

    (f)     providing disparate terms and conditions of employment because of their gender; and

    (g)     failing to examine its workplace to correct gender-biased and discriminatory policies and failing to address problems of disparate treatment on the basis of gender.

128.     The foregoing conduct constitutes illegal, intentional discrimination prohibited by the NYCHRL, New York City Administrative Code §§ 8-101 *et seq.*

19

## Sixth Claim for Relief
### Disparate Impact Discrimination
### (NYCHRL, New York City Administrative Code §§ 8-101 *et seq.*)
### (On behalf of All Plaintiffs and the Class)

129.    Plaintiffs incorporate the preceding paragraphs as alleged above.

130.    Gristede's has maintained a system and/or policies that are discriminatory, subjective, standardless, and/or arbitrary with respect to the assignment of employees to employment positions, promotions, compensation, and other terms and conditions of employment. This system has an adverse impact on female employees and is not, and cannot be, justified by business necessity. Even if such system could be justified by business necessity, less discriminatory alternatives exist and would equally serve any alleged necessity.

131.    The foregoing conduct constitutes illegal discrimination prohibited by NYCHRL, New York City Administrative Code §§ 8-101 et seq.

## Seventh Claim for Relief
### Interference with Family Medical Leave Act Restoration Rights
### (FMLA, 29 U.S.C. §§ 2601 *et al*)
### (On behalf of Plaintiff Sewer)

132.    Plaintiffs incorporate the preceding paragraphs as alleged above.

133.    Under the FMLA, Gristede's was required to restore Plaintiff Sewer to an equivalent position when she returned from protected leave.

134.    Gristede's interfered with Plaintiff Sewer's rights in violation of the FMLA when it failed to restore her to an equivalent position following her protected leave.

135.    Gristede's failure to restore Plaintiff Sewer to an equivalent position was willful.

## Eighth Claim for Relief

### Gender and Pregnancy Discrimination
### (NYCHRL)
### (On behalf of Plaintiff Sewer)

136.   Plaintiffs incorporate the preceding paragraphs as alleged above.

137.   By the acts and practices described above, Defendants have discriminated against Plaintiff Sewer in the terms and conditions of her employment on the basis of her gender and her status as a pregnant woman and a woman with children, in violation of the New York City Human Rights Law, New York City Administrative Code § 8-107(1).

138.   Defendants knew that their actions constituted unlawful discrimination and showed willful and/or reckless disregard for Plaintiff Sewer's statutorily protected rights.

### ALLEGATIONS REGARDING RELIEF

139.   Plaintiffs and the Class they seek to represent have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and the injunctive relief sought in this action is the only means of securing complete and adequate relief.  Plaintiffs and the Class they seek to represent are now suffering, and will continue to suffer, irreparable injury from Defendants' discriminatory acts and omissions.

140.   Gristede's actions have caused and continue to cause Plaintiffs and all Class members substantial losses in earnings and other employment benefits.

141.   Gristede's has performed the acts herein alleged with malice or reckless indifference.  Plaintiffs and Class members are thus entitled to recover punitive damages.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request that upon trial this Court enter judgment:

**Class-wide Relief**

(a)      Certifying the case as a class action on behalf of the proposed Class;

(b)     Designating Plaintiffs Susan Duling, Margaret Anderson, and Lakeya Sewer as representatives of the Class;

(c)     Designating Plaintiffs' counsel of record as Class counsel;

(d)     Declaring that Defendants' actions and practices violate Title VII, the NYSHRL, and the NYCHRL, and constitute discrimination on the basis of gender;

(e)     Declaring that Defendant Catsimatidis is individually liable for violations of the NYSHRL and the NYCHRL;

(f)     Permanently enjoining and restraining Defendants (and their officers, agents, and successors) from engaging in actions or practices that discriminate against Plaintiffs or the Class because of their gender or participation in this lawsuit;

(g)     Directing Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities for all employees regardless of gender, and to eradicate the effects of its past and present unlawful employment practices;

(h)     Requiring Defendants to develop and institute objective standards for assignments, promotions, and determination of pay;

(i)     Directing Defendants to restore Plaintiffs and Class members to their rightful positions at Gristede's, or in lieu of reinstatements, an order for front pay benefits;

(j)     Appointing a monitor to ensure that Defendants comply with the injunction provisions of any decree that the Court orders;

(k)     Retaining jurisdiction over this action for three years to insure that Defendants comply with such a decree;

(l)     Directing Defendants to pay all damages sustained as a result of its conduct;

(m)     Directing Defendants to pay punitive damages;

22

(n)     Directing Defendants to pay all costs incurred herein, including reasonable attorneys' fees to the extent allowable by law;

(o)     Directing Defendants to pay pre-judgment and post-judgment interest, as provided by law;

(p)     Granting such other or additional relief as this Court deems just and proper; and

**Individual Relief for Plaintiff Sewer**

(q)     Declaring that Defendants' actions and practices violate the Family Medical Leave Act, 29 U.S.C. §§ 2601 *et al*;

(r)     Directing Defendants to make Plaintiff Sewer whole by paying back pay, front pay, and reimbursement for lost benefits in an amount to be determined at trial;

(s)     Directing Defendants to make Plaintiff Sewer whole for the emotional distress and pain and suffering experienced by her as a result of Defendants' illegal actions, in an amount to be determined at trial;

(t)     Directing Defendants to pay punitive damages;

(u)     Directing Defendants to pay all costs incurred herein, including reasonable attorneys' fees to the extent allowable by law;

(v)     Directing Defendants to pay pre-judgment and post-judgment interest, as provided by law; and

(w)     Granting such other or additional relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action.

Dated: New York, New York
      January 19, 2010

                      Respectfully submitted,

                      OUTTEN & GOLDEN LLP
                      *Attorneys for Plaintiffs and the Putative Class*

By: _____
                      Adam T. Klein (AK 3293)
                      Justin M. Swartz (JS 7989)
                      Lewis M. Steel (LS 4463)
                      Cara E. Greene (CG 0722)
                      3 Park Avenue, 29th Floor
                      New York, New York 10016
                      Telephone:  (212) 245-1000
                      Fax: (212) 977-4005