# Exhibit B

Term Sheet

1.  Defendants Gristede's Operating Corp., Red Apple Group, Inc., d/b/a Gristede's, Gristede's Foods, Inc., Gristede's Delivery Service, Inc., Gristede's Foods NY, Inc., Gristede's NY, LLC, Namdor, Inc., and John Catsimatidis ("Gristede's" or "Defendants") agree to create a settlement fund ("Settlement Fund") of $1,450,000 to settle *Duling et al. v. Gristede's Operating Corp.*, 06 Civ. 10197 ("the Litigation"). Defendants will also pay Class Counsel's attorneys' fees and costs as negotiated and agreed to by the parties and/or as ordered by the Court.

2.  $500,000 of the Settlement Fund shall be in the form of gift certificates or coupons ("Coupons"), which shall be redeemable at all Gristede's stores in New York and may be used to purchase all products sold in such stores (any limited exceptions to be negotiated). The Coupons shall be available for all purposes, shall expire two years after they are issued, and shall be transferrable to all family members and domestic partners. Only settlement class members who reside in New York City shall be compensated in part with Coupons.

3.  With the exception of the amount for the employer's share of taxes on the wage portion of settlement class members' settlement awards and the fees for the Settlement Claims Administrator and Compliance Monitor, Gristede's shall deposit the non-coupon portion of the Settlement Fund into a Qualified Settlement Fund administered by the Settlement Claims Administrator jointly selected by the parties. Gristede's shall also deliver the Coupons to the Settlement Claims Administrator which the Settlement Claims Administrator shall maintain in a secure location until they are distributed. These deposits shall be made within 30 days of the final approval by the Court of the Settlement Agreement, which shall be no earlier than January 1, 2013. Payments for the employer's share of taxes on the wage portion of settlement class members' settlement awards and the fees for the Settlement Claims Administrator and Compliance Monitor shall promptly be paid when due, but in no case shall the payment delay the mailing of settlement class members' settlement awards. If the parties are able to negotiate an attorneys' fees amount, it shall be deposited at a time and manner mutually agreed on by the parties.

4.  The Settlement Fund shall cover the following:

    a.  Payments of $50,000 to Jenneil Adams-Hargrett and $20,000 to Lakeya Sewer, in addition to their individual settlement payments, in settlement of their individual claims;
    b.  Any service awards approved by the Court;
    c.  The fees charged by the Settlement Claims Administrator;
    d.  Taxes on all settlement payments treated as wages for tax purposes. Payments will be allocated to non-wages to the maximum extent permitted by the law.
    e.  Any fees charged by the Compliance Monitor, above those set forth in paragraph 5. The Compliance Monitor shall be Kathleen

Lundquist's Firm and her duties and responsibilities shall be enumerated in a Final Settlement Agreement to be negotiated by the parties.

5. In addition to the Settlement Fund, and Class Counsel's attorneys' fees and costs as agreed upon by the parties or as determined by the Court, Defendants shall be responsible for up to $10,000 per year for two years (a total of $20,000) for any costs associated with the efforts of the Compliance Monitor, whose duties and responsibilities shall be enumerated in a Final Settlement Agreement.

6. Any funds from individuals who opt out of the settlement and from uncashed checks (after 90 days from delivery to class members) will first be used toward the items set forth in Paragraph 4(b)-(e) above. If additional funds remain, they shall be split between Defendants and a redistribution to participating Settlement Class members. There shall be no reversion to Defendants except as set forth herein.

7. The Settlement Class shall be defined as: all women who worked for Gristede's for at least 90 days in one or more of its stores in New York between November 2, 2004 and the date on which the Court grants preliminary approval of the settlement.

8. Plaintiffs shall move for preliminary and final approval of the Final Settlement Agreement pursuant to Fed. R. Civ. P. 23 and shall ask the Court to certify the Settlement Class under Rule 23(b)(2) and (b)(3) for injunctive relief and monetary damages, respectively. If the Court grants preliminary approval, class members will be sent notice of the settlement and shall have the opportunity to opt out of the settlement or to object to it.

9. The Final Settlement Agreement shall specify the injunctive relief to which Gristede's shall commit itself for a term of 4 years. Such relief shall include, but will not be limited to: measures to prohibit the steering of female employees into certain positions, including the cashier position; hiring and promotion goals for female employees and applicants; the posting of all job openings and job requirements, including with respect to management positions; implementation of job descriptions that do not discriminate in purpose or effect against female employees; appropriate management and cross-training programs and a commitment to make good faith efforts to maximize female participation in all such programs with the goal of having at least a 50% female participation rate; appropriate human resources oversight of Gristede's hiring and promotion policies and practices; a monitoring mechanism with respect to the above goals and obligations; and a dispute resolution mechanism to address and resolve any disputes that arise between the parties during the term of the Agreement.

10. The Final Settlement Agreement shall specify an allocation formula for the payment of settlement awards to qualified class members. The allocation formula will take into account, among other things, class members' years of service at Gristede's.

11. The scope of the Rule 23 class release shall be: all claims that were brought or which could have been brought in the Litigation based on the same facts and circumstances as the claims alleged in the Litigation up through the date on which the Court grants preliminary approval of the settlement.

12. In exchange for their settlement awards, any service payments awarded by the Court which will be paid out of the settlement Fund, and the payments for Adams-Hargrett and Sewer noted above, Plaintiffs Duling, Anderson, Sewer, and Adams-Hargrett will agree to and sign a general release of all claims relating to their employment at Gristede's up through the date on which the Court grants preliminary approval, the terms of which the parties shall negotiate and set forth in the Final Settlement Agreement.

13. The terms set forth above shall be set forth in the parties' Final Settlement Agreement, the terms of which shall be incorporated into a Final Order and Judgment dismissing the litigation with prejudice.

For Defendants:

_____
Nicholas C. Katsoris, Esq.
Attorney for Defendants
823 11th Avenue
New York, New York 10019

For Plaintiffs and the Class:

_____
Susan Duling

_____
Margaret Anderson

_____
Lakeya Sewer

_____
Jenneil Adams-Hargrett

11. The scope of the Rule 23 class release shall be: all claims that were brought or which could have been brought in the Litigation based on the same facts and circumstances as the claims alleged in the Litigation up through the date on which the Court grants preliminary approval of the settlement.

12. In exchange for their settlement awards, any service payments awarded by the Court which will be paid out of the settlement Fund, and the payments for Adams-Hargrett and Sewer noted above, Plaintiffs Duling, Anderson, Sewer, and Adams-Hargrett will agree to and sign a general release of all claims relating to their employment at Gristede's up through the date on which the Court grants preliminary approval, the terms of which the parties shall negotiate and set forth in the Final Settlement Agreement.

13. The terms set forth above shall be set forth in the parties' Final Settlement Agreement, the terms of which shall be incorporated into a Final Order and Judgment dismissing the litigation with prejudice.

For Defendants:

_____
Nicholas C. Katsoris, Esq.
Attorney for Defendants
823 11th Avenue
New York, New York 10019

For Plaintiffs and the Class:

_____
Susan Duling

_____
Margaret Anderson

_____
Lakeya Sewer

_____
Jenneil Adams-Hargrett

11. The scope of the Rule 23 class release shall be: all claims that were brought or which could have been brought in the Litigation based on the same facts and circumstances as the claims alleged in the Litigation up through the date on which the Court grants preliminary approval of the settlement.

12. In exchange for their settlement awards, any service payments awarded by the Court which will be paid out of the settlement Fund, and the payments for Adams-Hargrett and Sewer noted above, Plaintiffs Duling, Anderson, Sewer, and Adams-Hargrett will agree to and sign a general release of all claims relating to their employment at Gristede's up through the date on which the Court grants preliminary approval, the terms of which the parties shall negotiate and set forth in the Final Settlement Agreement.

13. The terms set forth above shall be set forth in the parties' Final Settlement Agreement, the terms of which shall be incorporated into a Final Order and Judgment dismissing the litigation with prejudice.

For Defendants:

_____
Nicholas C. Katsoris, Esq.
Attorney for Defendants
823 11th Avenue
New York, New York 10019

For Plaintiffs and the Class:

_____
Susan Duling

_____
Margaret Anderson

_____
Lakeya Sewer

_____
Jenneil Adams-Hargrett

DB1/ 69516946.2

3

11. The scope of the Rule 23 class release shall be: all claims that were brought or which could have been brought in the Litigation based on the same facts and circumstances as the claims alleged in the Litigation up through the date on which the Court grants preliminary approval of the settlement.

12. In exchange for their settlement awards, any service payments awarded by the Court which will be paid out of the settlement Fund, and the payments for Adams-Hargrett and Sewer noted above, Plaintiffs Duling, Anderson, Sewer, and Adams-Hargrett will agree to and sign a general release of all claims relating to their employment at Gristede's up through the date on which the Court grants preliminary approval, the terms of which the parties shall negotiate and set forth in the Final Settlement Agreement.

13. The terms set forth above shall be set forth in the parties' Final Settlement Agreement, the terms of which shall be incorporated into a Final Order and Judgment dismissing the litigation with prejudice.

For Defendants:

_____
Nicholas C. Katsoris, Esq.
Attorney for Defendants
823 11th Avenue
New York, New York 10019

For Plaintiffs and the Class:

_____
Susan Duling

_____
Margaret Anderson

_____
Lakeya Sewer

_____
Jennei Adams-Hargrett